# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, | Civil No. 18-cv-0466 (SRN/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Grace Elizabeth Miller, and Catherine Marie Schaefer, | |
| Defendants. | |
| Brock Fredin, | Civil No. 18-cv-0510 (SRN/HB) |
| Plaintiff, | |
| v. | |
| Elizabeth A. Clysdale, David E. McCabe, Grace Elizabeth Miller, Catherine Marie Schaefer, Lindsey Middlecamp, Teresa Warner, Gurdip Singh Atwal, and Christy Snow-Kaster, | |
| Defendants. | |

Plaintiff Brock Fredin, appearing *pro se*, filed these two cases, which were assigned to United States District Judge Susan Richard Nelson and United States Magistrate Judge Franklin L. Noel.  On March 30, 2018, due to the impending retirement of Magistrate Judge Noel, these matters were reassigned to the undersigned Magistrate Judge.  These cases are now before the Court on the motions filed to date.

**Motion to Dismiss Filed in Civil No. 18-0466**

Plaintiff Brock Fredin filed his complaint in Civil No. 18-0466 on February 16, 2018.  On March 28, 2018, Defendants Grace Elizabeth Miller and Catherine Marie Schaefer filed a Motion to Dismiss (ECF No. 10), without simultaneously filing their memorandum of law or other supporting documents, or obtaining a hearing date, all of which are required by D. Minn. LR 7.1(c).  Miller and Schaefer explained in a corresponding letter to Judge Noel, however, that they wished to coordinate the filing of their supporting documents with motions to dismiss filed in Civil No. 18-0510 (ECF No. 9).

The Court will strike the motion to dismiss, without prejudice, for failure to comply with LR 7.1(c), which requires a moving party to file a dispositive motion and the supporting documents simultaneously.  Counsel may refile the motion, in accordance with LR 7.1(c), on or before April 25, 2018, and the Court will consider the motion timely filed.  The motion, including responsive and reply filings, must be briefed in accordance with LR 7.1(c), and no extensions will be given absent extraordinary circumstances.  The Court will hold a motion hearing on June 6, 2018, at 2:00 p.m.

**Motions to Amend Filed in Civil No. 18-0510**

Plaintiff Brock Fredin filed his complaint in Civil No. 18-0510 on February 22, 2018.  On February 27, 2018, Plaintiff filed a Motion for Leave to File Amended Complaint for Permanent Injunction and Other Equitable Relief (ECF No. 4).  He filed an Amended Complaint on March 2, 2018 (ECF No. 8).  The Court will grant Plaintiff's motion to amend docketed at ECF No. 4, because a party is authorized by Federal Rule of Civil Procedure 15(a)(1) to amend a pleading once as a matter of course.  Accordingly,

the amended complaint filed at ECF No. 8 is the operative pleading.

On March 28, 2018, Plaintiff filed a second motion to amend his complaint (ECF No. 14). The proposed second amended complaint consists of 150 pages of allegations and an additional 72 pages of exhibits. Plaintiff is not authorized to file more than one amended pleading as a matter of course under Rule 15(a)(1); thus, his motion is governed by Rule 15(a)(2), which allows amendment only with the opposing party's consent or the Court's leave.

The Court will deny, without prejudice, leave to file the second amended complaint for the following reasons. First, Plaintiff did not meet and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion, as required by D. Minn. LR 7.1(a). Plaintiff's assertion in the meet-and-confer statement that he notified the opposing parties of the forthcoming motion [*see* Doc. No. 29] does not satisfy the obligation to meet and confer in good faith. Second, Plaintiff has not contacted this Court's courtroom deputy (or, to the Court's knowledge, any courtroom deputy) to schedule a hearing on the motion, as required by D. Minn. LR 7.1(b). Third, Plaintiff did not provide "a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading."

Fourth, the proposed pleading violates Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to set forth "a short and plain statement of the claim[s]" entitling Plaintiff to relief. The 150-page proposed pleading (plus exhibits) is "unnecessarily prolix and complex." *See Smalley v. Stevens*, No. 4:12-cv-0171 (ERW),

3

2012 WL 4049014, at *2 (E.D. Mo. Sept. 13, 2012).  Even a 60-page complaint has been held to violate Federal Rule of Civil Procedure 8(a)(2)'s requirement of "a short and plain statement of the claim."  *Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1152-53 (D. Minn. 2011).  Here, Plaintiff seeks to assert twenty claims against twelve defendants, all stemming from "Plaintiff's breakup from Defendant Miller in January 2016," a restraining order obtained by Miller, and two years of related state court proceedings.  (Proposed Second Am. Compl. ¶¶ 28-165 [Doc. No. 14-1].)  It is quite likely that the individuals Plaintiff proposes to add as defendants—most or all of whom are state court judges and public officials—are immune from suit.  But Plaintiff's failure to comply with Rule 8 makes it difficult to parse through the allegations and assess whether any of his claims have merit.

**Motions to Dismiss Filed in Civil No. 18-0510**

On March 28, 2018, Defendants Grace Miller, Catherine Schaefer, and Lindsey Middlecamp filed a Motion to Dismiss (ECF No. 21), without simultaneously filing a memorandum of law or other supporting documents, or obtaining a hearing date. Defendants Elizabeth A. Clysdale, Tony Atwal, Christy Snow-Kaster, and Teresa Warner proceeded likewise (*see* ECF No. 23), as did Defendant David McCabe (*see* ECF No. 24). Defendants filed a joint letter similar to the one filed in Civil No. 18-0466, explaining they wished to coordinate the filing of their supporting documents with the other pending matter (ECF No. 20).

The Court will strike the motions to dismiss, without prejudice, for failure to comply with LR 7.1(c), which requires a moving party to file a dispositive motion and

the supporting documents simultaneously.  Defendants may refile the motions, in accordance with LR 7.1(c), on or before April 25, 2018, and the Court will consider the motions timely filed.  The motions must be briefed in accordance with LR 7.1(c), and no extensions will be given absent extraordinary circumstances.  The Court will hold a motion hearing on June 6, 2018, at 2:00 p.m.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants Grace Elizabeth Miller and Catherine Marie Schaefer's Motion to Dismiss (ECF No. 10 in Case No. 18-cv-466) is **STRICKEN**, without prejudice;

2. Plaintiff Brock Fredin's Motion for Leave to File Amended Complaint for Permanent Injunction and Other Equitable Relief (ECF No. 4 in Case No. 18-cv-0510) is **GRANTED**, and the amended complaint docketed at ECF No. 8 is the operative pleading;

3. Plaintiff Brock Fredin's Motion to File a Second Amended Complaint (ECF No. 14 in Case No. 18-cv-0510) is **DENIED**.

4. Defendants Grace Miller, Catherine Schaefer, and Lindsey Middlecamp's Motion to Dismiss (ECF No. 21 in Case No. 18-cv-0510) is **STRICKEN**, without prejudice;

5. Defendants Elizabeth A. Clysdale, Tony Atwal, Christy Snow-Kaster, and Teresa Warner's Motion to Dismiss (ECF No. 23 in Case No. 18-cv-0510) is **STRICKEN**, without prejudice;

6. Defendant David McCabe's Motion to Dismiss (ECF No. 2423 in Case No. 18-cv-0510) is **STRICKEN**, without prejudice;

7. Any Defendant may timely file a motion to dismiss and supporting documentation on or before **April 25, 2018**;

8. In accordance with D. Minn. LR 7.1(c), Plaintiff's responsive memoranda and supporting documentation must be filed **twenty-one days after** the Defendants' moving papers are filed, and Defendants' reply memoranda must be filed **fourteen days after** Plaintiff's responses are filed;

9. A hearing on the motions to dismiss will be conducted before the undersigned at **2:00 p.m. on June 6, 2018**, in Courtroom 6B, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Saint Paul, Minnesota 55101; and

10. The Court may cancel the hearing after it reviews the papers filed by the parties, pursuant to D. Minn. LR 7.1(c).

Dated:  April 9, 2018              s/ *Hildy Bowbeer*
                                   HILDY BOWBEER
                                   United States Magistrate Judge