# Ballard Spahr LLP

2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2119

TEL 612.371.3211
FAX 612.371.3207

Adam C. Ballinger
Tel: (612) 371-6203
Fax: (612) 371-3207
ballingera@ballardspahr.com

July 11, 2018

*Via ECF*

Honorable Hildy Bowbeer
United States Magistrate Judge
632 Federal Building
316 North Robert Street
Saint Paul, MN 55101

**Re:**  *Fredin v. Clysdale, et al.*, **Civil File No. 18-00510-SRN-HB**
       *Fredin v. Miller, et al.*, **Civil File No. 18-00466-SRN-HB**

Dear Judge Bowbeer:

This firm, along with Kutak Rock, LLP, represents Defendants Grace Miller, Catherine Schaefer, and Lindsey Middlecamp the ("Defendants"). This letter responds to the letter filed by Plaintiff Brock Fredin ("Fredin") on July 5, 2018 [Docket No. 89].

The Defendants join in the statements and arguments made by Defendant McCabe in his letter dated July 11, 2018 [Docket No. 96] as the same violations of the local rules[1] and court-ordered deadlines identified by Defendant McCabe apply equally to the Defendants. The Court should strike the late-filed Declaration of Brock Fredin Regarding Corrected Docket 80-2 filed June 29, 2018–long after Plaintiff's June 15, 2018 deadline to file his motion for leave to amend and deny Fredin's leave to amend his complaint under Fed. R. Civ. P. 15(a)(2) where such amendment causes undue delay and where a plaintiff has repeatedly failed to cure deficiencies by amendments that have been previously allowed, or because of the futility of the amendment.

---

[1] Excluding the meet and confer requirement of Local Rule 7.1 as Defendants' counsel was available to meet and confer at Plaintiff's requested time.

July 11, 2018
Page 2

The proposed evidence or allegations identified in Fredin's July 5, 2018 letter, if allowed to proceed by amendment, do not state an abuse of process claim and are futile. As such Fredin's letter request should be denied.

Fredin asserts in his July 5, 2018 letter that (i) Defendant Schaefer served Fredin with a fifty-year harassment restraining order on June 29, 2018 (the "HRO"); (ii) that the HRO was served in an attempt to collaterally attack and stop this litigation from going forward; (iii) that the HRO is without legal basis, and (iv) that these proposed allegations can form the basis of a new abuse of process claim. Fredin's assertions lack legal merit and are futile attempts to further amend his complaint.

First, Fredin's statement that the state-court HRO is without legal basis shows that Fredin is continuing to attempt to re-litigate the adjudicated merits of state court orders in federal, as opposed to state, courts. This is improper for the numerous reasons identified in the previous briefing discussing the *Rooker-Feldman* doctrine. Fredin's appeals or reconsideration of these orders and procedures lies in the state court where they are pending and not in federal court.

Second, Fredin's assertion that the circumstantial timing of the service of the HRO on the day his reply in support of his motion for leave to amend his complaints was due does not state any abuse of process claim. As has been repeatedly briefed and argued, to prevail on an abuse of process claim, Fredin must prove: "(a) the existence of an ulterior purpose, and (b) the act of using the process to accomplish a result not within the scope of the proceeding in which it was issued, whether such result might otherwise be lawfully obtained or not." *Hoppe v. Klapperich*, 28 N.W.2d 780, 786 (Minn. 1947). For Plaintiff to prevail on his claim of abuse of process, he must allege the use of the process to accomplish a result not within the scope of the proceeding. *See Hoppe*, 28 N.W.2d at 786.

Minnesota law permits a person who is the victim of harassment to seek a restraining order from a district court. Minn. Stat. § 609.748, subd. 2 (2017). Harassment is defined as "repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another. . .." *Id*. at subd. 1(a). As shown on Exhibit 1 to Fredin's July 5, 2018 letter, Defendant Schaefer identified actions and behaviors of Fredin that are legitimate and fall directly within the scope of a harassment proceeding under Minnesota law.

As for Fredin's statement that the ulterior purpose of the HRO was to attack and stop this litigation from going forward, that assertion simply is not plausible within the meaning of Fed. R. Civ. P. It is nonsensical to assert that the mere service of process of a state-court HRO on Fredin on June 29, 2018 can, in any appreciable way, somehow stop this litigation that was commenced by Fredin. Second, it is evident from the face of Fredin's letter and exhibits that Defendant Schaefer is exercising statutorily-given rights. As stated by the Minnesota Court of Appeals in *Kellar v. VonHoltum*, 568 N.W.2d 186 (Minn. Ct. App. 1997) analyzing abuse of process and malicious prosecution claims, "Respondents' exercise of a statutorily given right

July 11, 2018
Page 3

cannot, we believe, form the basis for liability in a tort action." *Id*. at 192. Such is the case here and Fredin's proposed amendments are futile and should not be allowed.

The Defendants respectfully request that the Court deny Fredin's July 5, 2018 letter request and Fredin's motion for leave to file an amended complaint for the reasons stated herein and in Defendants' objections opposing such relief.

Respectfully submitted,

BALLARD SPAHR LLP

Adam C. Ballinger