# Brock Fredin

1905 Iris Bay ● Hudson, WI 54016 ● Phone: (415) 283-8366 ●
E-Mail: brockf12@gmail.com

Date:  July 12, 2018

**BY ECF AND CERTIFIED MAIL**

Hon. Magistrate Judge Hildy Bowbeer
United States District Court
316 Robert St N
Saint Paul, MN 55101

      Re:    *Fredin v. Clysdale et al.,* Case No. 18-cv-510-SRN-HB
                   *Fredin v. Miller et al.*, Case No. 18-cv-466-SRN-HB

Dear Judge Bowbeer:

I write to briefly reply to Ms. Hansson's letter dated July 11, 2018 concerning Defendant McCabe's objections.

Defendant McCabe will not be unduly prejudiced by filing a corrected reply dated June 29, 2018 [Docket 84].  Defendant McCabe's letter-motion to strike [Docket 84] must be denied.  Defendant McCabe will not be unduly prejudiced for seeking leave to file a lightly edited version of a Second Amended Complaint to incorporate new fifty-year Orders issued by state defendants to assert an additional abuse of process claim against Defendant Miller, Schaefer, and Middlecamp.

      I.      Meet and Confer and Red-Line

Ms. Hanson alleges "Fredin contacted Defendants by e-mail on June 14, 2018 to schedule a meet and confer for Friday June 15, 2018."  With all due respect to Ms. Hanson, this was a second meet-and-confer.  I had already fulfilled the obligation in good-faith by meeting in late May, 2018 to discuss the Second Amended Complaint.  I did not take issue with Ms. Hanson's refusal to meet, however, I felt that she misrepresented her refusal to meet in her reply brief which is indeed bad-faith   This is particularly so where Defendant McCabe and state defendants have already misrepresented the search warrant affidavit, the swat raid, misled Wisconsin authorities, and rigged trivial criminal charges (over constitutionally protected and alleged trivial Match.com edit activity) by leaking Orders to their own revenge porn Twitter platform @CardsAgstHrsmt.

Second, Ms. Hanson alleges "Fredin's redline version [Doc. 80-2] did not comport with LR 15.1(b)" because "Fredin used underlining throughout the document [and] used balloons."  Local Rule 15.1 is defined as: (2) a version of the proposed amended pleading that shows – through redlining, **underlining**, strikeouts, or other **similarly effective typographic methods**."  Local Rule 15.1 provides for "underlining [or] other similarly effective typographic methods" to show "how the proposed amended pleading differs."  That is, a "balloon" is also assumed to be "other similarly effective typographic methods."  Based on state defendants mooting my injunction, the complaint is indeed indistinguishable from its previous operative iteration, but the red-line version

does its job by clearly showing that change. I use Microsoft Word's Compare Document feature. If Ms. Hanson has a better idea, I would be happy to accommodate Ms. Hanson's request if Ms. Hanson requests so in the future.

The June 29, 2018 [Docket 84] filing "cured any prejudice caused by their untimely filing." *See United States v. Johnson,* 314 Fed. Appx. 897 (8th Cir. 2008) (internal citations omitted). The filing "was timely filed because Plaintiff … could easily [cure] this filing defect and because [the matter] is, nonetheless, before the Court." *Barnes v. Sentry Management, Inc*., 18-CV-157JCH, United States District Court, E.D. Missouri, Eastern Division. This is particularly so where "a pro se complaint should be liberally construed. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). *See also The John Ernst Lucken Revocable Trust v. Heritage Bankshares Group, Inc,* 16-cv-40015 (N.D. Iowa 2017) (holding "that a motion to amend is granted **when plaintiffs attached a "redlined" version of their amended complaint [curing the previous deficiency]").**

II.  Leave to Incorporate New Evidence

Third, Ms. Hanson states "McCabe objects to Fredin's request to file a new second amended complaint to incorporate any alleged new evidence against the other named Defendants." State defendants have waited until the briefing period ended to issue inexplicable fifty-year Orders to Ms. Schaefer and Ms. Miller on the reply deadline for this instant suit. Ms. Schaefer and Ms. Miller's new fifty-year Orders are a clear act of retaliation and exceed judicial authority. For example, state defendants issued Defendant Miller's fifty-year Order fifteen (15) minutes prior to a contempt hearing in *Schaefer v. Fredin* and only after state defendants had done double security screens and withheld phones and other electronic devices from parties associated with me as well as myself in further acts of intimidation, harassment, and annoyance.[1]

Defendant Miller was awarded a fifty-year Order for constitutionally protected innocent allegations over a three-year period which also were never substantiated: 1) a meme on the internet; 2) profile on datingpsychos.com; 3) majorgracemiller.com. At this point, state defendants would likely attempt to imprison me for fifty-years if I were caught jay-walking to avoid being subject to this lawsuit. (*See* Ex 1.) This speaks to how petty both state defendants and Defendant Miller and Schaefer have become. Has anyone seen a fifty-year Order issued for three (3) innocent constitutionally protected memes on the Internet? Probably not.

---

[1] By engaging in this conduct, my lawyer and I were deprived of our phones or any notification of Judge Patrick C. Diamond's inexplicable fifty-year Order and thereby prejudiced during the contempt proceeding without this knowledge. Furthermore, I have never been accused of being violent, threatening anyone, or creating any known scene. I have never used any illicit drugs, smoked, and do not drink. I am mild mannered, polite, meek, and have always tried to give back to the community. To this day, Defendant Middlecamp and Schaefer have never talked to me or know who I truly am. I continue to be stunned by their baseless and absurd allegations. At this point, this Court as well as Ms. Hanson have spoken to me in greater length and has a better grasp for my behavior than both Defendant Middlecamp and Schaefer.

The applicable standard when a party seeks to amend a pleading after the deadline to amend has expired is the good cause standard set out in Rule 16(b).  *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715-16 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  In this case, I have done everything in my power and will continue to do so to meet every requirement of the meet this Court's order which is exemplified by my diligence in immediately correcting my error.

In this instance, I was availed new evidence proffered by Defendants in this matter namely fifty-year orders conveniently issued at the reply deadline of this lawsuit.  *Schwend v. U.S. Bank*, 2011 WL 5039812 (E.D. Mo. 2011) (granting leave to amend complaint four months after the deadline due to discovery obtained from the defendant).

Moreover, even if Defendant McCabe or state defendants only "partially caused" service of this new evidence, granting leave to amend must still be granted.  *McCormack v. United States*, 2011 WL 2669447 (E.D. Mo. 2011) (granting leave to amend complaint four months after the deadline when the delay was "at least partially caused" by the nonmovant);

    III.    <u>Motion to Strike Corrected Reply [Docket 84]</u>

Fourth, the record is conclusive that the June 29, 2018 red-line Declaration is not new evidence.  In order for a Declaration to be considered untimely, the information would have to be previously withheld.  Here, "the bulk of the information in the Declaration was previously disclosed" and the "Declaration is … offered to rebut the criticisms raised in the [Defendants] Declaration."  *Rockwood Retaining Walls, Inc. v. Patterson*, Case No: 09-2493 (DWF/FLN).  I had previously disclosed a clean copy of the second amended complaint and rebutted Defendant McCabe's previous affidavit [Docket 52] and Defendant McCabe's opposition [Docket 85].

The Court must examine four factors when evaluating whether to exclude untimely evidence: (1) the importance of the excluded material; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the material to be used at trial; and (4) the availability of a continuance to cure such prejudice.  *See 3M Innovative Properties, Co. v. Barton Nelson, Inc.*, 02-3591 (internal citations omitted).  In this case, the corrected red-line version is clearly important.

In Sum, the Court should deny Defendant McCabe's letter-motion to strike [Docket 84] and grant leave to file a Second Amended Complaint to incorporate Defendant Miller and Schaefer's new fifty-year Orders to assert an abuse of process claim.

I thank the Court's for its attention to this matter and its continued courtesies.

                                                                                                    Respectfully submitted,

/s/ Brock Fredin

Brock Fredin

cc: K. Jon Breyer (by ECF)
    Adam Ballinger (by ECF)
    Alethea Huyser (by ECF)
    Judy Hanson (by ECF)

# EXHIBIT 1

19. At the hearing on April 9, 2018, the Court took testimony from Petitioner and received evidence regarding three (3) specific incidents of harassment by Respondent: (1) majorgracemiller.net (Ex. 1); (2) internet memes (Ex. 2); and (3) datingpsychos.com (Ex. 3).

20. Based upon the testimony of Petitioner and upon exhibits 1, 2, and 3 received at the hearing. The Court finds that Respondent violated the terms of the 2016 HRO.