## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>        Plaintiff,<br><br>v.<br><br>Grace Elizabeth Miller,<br>Catherine Marie Schaefer,<br><br>        Defendants. | Case No. 18-cv-0466-SRN-HB<br><br><br>**ANSWER<br>TO AMENDED COMPLAINT** |

Defendant Catherine Marie Schaefer ("Defendant Schaefer") denies every allegation of Brock Fredin's ("Plaintiff") Amended Complaint ("AC") unless admitted or qualified below:

### NATURE OF THE CASE

1.      Denied.

2.      Denied.

3.      The allegations of paragraph 3 of the AC contain legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaefer denies the allegations of paragraph 3 of the AC.

### JURISDICTION AND VENUE

4.      The allegations of paragraph 4 of the AC contain legal conclusion to which an answer is not required. In the event an answer is required, Defendant Schaefer denies that this Court has federal question jurisdiction under 28 U.S.C. § 1331 as Plaintiff has not asserted a claim which invokes a federal question. Defendant Schaefer further denies that the amount in controversy exceeds $75,000.

5.     Admit.

## THE PARTIES

6.     Defendant Schaeffer is without information sufficient to either admit or deny the allegations contained in paragraph 6 of the AC and, as such, denies the same. Defendant Schaeffer affirmatively alleges that Plaintiff is currently incarcerated in a Minnesota correctional facility as punishment for stalking Defendant Miller.

7.     Defendant Schaeffer is without sufficient information to either admit or deny the allegations contained in paragraph 7 of the AC and, as such, denies the same.

8.     Defendant Schaefer denies the allegations of paragraph 8 of the AC.

## FACTUAL ALLEGATIONS

9.     Defendant Schaeffer admits that she and Plaintiff arranged a date which did not occur. Defendant Schaeffer denies the remaining allegations of paragraph 9 of the AC.

10.     Denied.

11.     Paragraph 11 of the AC contains allegations relating to individuals other than Defendant Schaeffer and, as such, no answer is required. In the event an answer is required, Defendant Schaeffer is without information sufficient to either admit or deny the allegations contained in paragraph 11 of the AC and, as such, denies the same.

12.     Denied.

13.     Paragraph 13 of the AC contains allegations relating to individuals other than Defendant Schaeffer and, as such, no answer is required. In the event an answer is

required, Defendant Schaeffer is without information sufficient to either admit or deny the allegations contained in paragraph 13 of the AC and, as such, denies the same.

14. Denied.

15. Denied.

16. Defendant Schaeffer is without sufficient information to either admit or deny the allegations contained in paragraph 16 of the AC and, as such, denies the same.

17. Denied.

18. Denied.

19. Defendant Schaeffer is without sufficient information to either admit or deny the allegations contained in paragraph 19 of the AC and, as such, denies the same.

20. Denied.

21. Denied.

22. Defendant Schaeffer is without sufficient information to either admit or deny the allegations contained in paragraph 22 of the AC and, as such, denies the same.

23. Defendant Schaeffer admits that she received the email described in paragraph 23 of the AC and further alleges that the email speaks for itself as to its contents. Defendant Schaeffer denies the remaining allegations of paragraph 23 of the AC.

24. The police complaint alleged in paragraph 24 of the AC speaks for itself as to its content. Defendant Schaefer denies the remaining allegations of paragraph 24 of the AC.

25.     Defendant Schaeffer is without sufficient information to either admit or deny the allegations contained in paragraph 25 of the AC and, as such, denies the same.

26.     Denied.

27.     Denied.

28.     Denied.

29.     [Catherine to follow up] Exchange occurred online but Catherine did not know it was Brock; denies rest; picture for safety.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Defendant Schaefer admits that the Plaintiff violated harassment restraining orders and contempt hearings have been held by the Ramsey County District Court. Defendant Schaefer is without sufficient information to either admit or deny the remaining allegations of paragraph 35 of the AC and, as such, denies the same.

36.     Defendant Schaefer admits that she has not sought to modify any police reports filed by her. The City Pages article and @CardsAgstHrsmt speak for themselves as to their content. Defendant Schaefer denies the remaining allegations of paragraph 36 of the AC.

37.     The allegations of paragraph 37 are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer is without

information sufficient to either admit or deny the allegations contained in paragraph 37 of the AC and, as such, denies the same.

38.     The City Pages Article speaks for itself as to its content. Defendant Schaeffer denies the remaining allegations of paragraph 38 of the AC.

39.     Defendant Schaeffer is without sufficient information to either admit or deny the allegations contained in paragraph 39 of the AC and, as such, denies the same.

40.     Defendant Schaefer admits that Defendant Miller assisted her with the procedural requirements of obtaining a harassment restraining order. The City Pages article speaks for itself as to its content. Defendant Schaeffer is without sufficient information to either admit or deny the remaining allegations contained in paragraph  of the AC and, as such, denies the same.

## COUNT 1 - Defamation *Per Se*

41.     Defendant Schaeffer realleges paragraphs 1-40 of the Answer as though fully set forth herein.

42.     Denied.

43.     Denied.

44.     The allegations of paragraph 44 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer denies the allegations of paragraph 44 of the AC and affirmatively alleges that the Plaintiff was convicted and sentenced for stalking Defendant Miller.

45.     The City Pages article speaks for itself as to its contents. Defendant Schaefer denies the remaining allegations of paragraph 45 of the AC.

46.     The allegations of paragraph 46 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer denies the allegations of paragraph 46 of the AC.

47.     The allegations of paragraph 47 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer denies the allegations of paragraph 47 of the AC.

## COUNT II - Abuse of Process

48.     Defendant Schaeffer realleges paragraphs 1-47 of the Answer as though fully set forth herein.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     The allegations of paragraph 59 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer denies the allegations of paragraph 59 of the AC.

**COUNT 3:**
**Non-Consensual Sexual Solicitation (Minn. Stat. § 604.31 Subd. 2)**

60.     Defendant Schaeffer realleges paragraphs 1-59 of the Answer as though fully set forth herein.

61.     Denied.

62.     Defendant Schaefer admits that Defendant Miller assisted her with the procedural requirements of obtaining a harassment restraining order. The City Pages article speaks for itself as to its content. Defendant Schaeffer denies the remaining allegations contained in paragraph 62 of the AC and, as such, denies the same.

63.     The allegations of paragraph 63 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer denies the allegations of paragraph 63 of the AC.

**COUNT 4: Invasion of Privacy by Intrusion Upon Seclusion**

64.     Defendant Schaeffer realleges paragraphs 1-63 of the Answer as though fully set forth herein. Defendant Schaeffer denies the allegations of paragraph 64 of the AC.

65.     Defendant Schaeffer realleges paragraphs 1-64 of the Answer as though fully set forth herein. Defendant Schaeffer denies the allegations of paragraph 65 of the AC.

66.     Defendant Schaeffer realleges paragraphs 1-63 of the Answer as though fully set forth herein. Defendant Schaeffer denies the allegations of paragraph 66 of the AC.

67.     Denied.

68.     Denied.

69.     The Report and Recommendation referenced in paragraph 69 of the AC speaks for itself as to its contents, was decided under Fed. R. Civ. P. 12(b)(6), relates to an entirely different case against an individual other than Defendant Schaeffer, and Plaintiff's allegations were presumed to be true by the Court under the legal standard applicable to Fed. R. Civ. P. 12(b)(6). Defendant Schaeffer denies the remaining allegations of paragraph 69 of the AC.

70.     The allegations of paragraph 70 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer denies the allegations of paragraph 70 of the AC.

**COUNT 4: Negligence**

71.     Defendant Schaeffer realleges paragraphs 1-70 of the Answer as though fully set forth herein.

72.     Denied.

73.     Denied.

[No paragraph number].     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     The allegations of paragraph 78 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer denies the allegations of paragraph 78 of the AC.

79.     The allegations of paragraph 79 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer denies the allegations of paragraph 79 of the AC.

80.     The allegations of paragraph 80 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer denies the allegations of paragraph 80 of the AC.

81.     Defendant Schaeffer is without information sufficient to either admit or deny the allegations contained in paragraph 81 of the AC and, as such, denies the same.

82.     The allegations of paragraph 82 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer denies the allegations of paragraph 82 of the AC.

83.     The allegations of paragraph 83 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer denies the allegations of paragraph 83 of the AC.

### COUNT 5: Intentional Infliction of Emotional Distress

84.     Defendant Schaeffer realleges paragraphs 1-83 of the Answer as though fully set forth herein.

85.     The City Pages article and the @CardsAgstHrsmt speak for themselves as to their content. Defendant Schaeffer denies the remaining allegations of paragraph 85 of the AC.

86.     Defendant Schaeffer is without information sufficient to either admit or deny the allegations contained in paragraph 86 of the AC and, as such, denies the same.

87.     Defendant Schaeffer is without information sufficient to either admit or deny the allegations contained in paragraph 87 of the AC and, as such, denies the same.

88.     The allegations of paragraph 88 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer denies the allegations of paragraph 88 of the AC.

## COUNT 6: Civil Conspiracy to Defame, Negligence, Copyright Infringement, Non-Consensual Solicitation, Invasion of Privacy

89.     Defendant Schaeffer realleges paragraphs 1-88 of the Answer as though fully set forth herein.

90.     Defendant Schaefer admits that Defendant Miller assisted her with the procedural requirements of obtaining a harassment restraining order. Defendant Schaeffer denies the remaining allegations of paragraph 90 of the AC.

91.     Denied.

92.     Denied.

93.     Denied.

94.     The allegations of paragraph 94 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer denies the allegations of paragraph 94 of the AC.

95.     The allegations of paragraph 95 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Schaeffer denies the allegations of paragraph 95 of the AC.

### ATTORNEY FEES AND COSTS

Defendant Schaeffer denies that Plaintiff is entitled to any attorney's fees, costs, and fees pursuant to 28 U.S.C. 1927.

### PRAYER FOR RELIEF

Defendant Schaeffer denies that the Plaintiff is entitled to any of the relief requested in the WHEREFORE clause.

### AFFIRMATIVE DEFENSES

1.     The Amended Complaint fails in whole or in part to state a claim upon which relief can be granted and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12.

2.     Some or all of the claims are barred or limited based on the doctrine of unclean hands.

3.     Some or all of the claims are barred or limited based on the doctrine of ratification.

4.     Some or all of the claims asserted by Plaintiff are precluded by the equitable doctrines of estoppel, waiver, and/or laches.

5.     Some of all of the claims asserted by Plaintiff are barred, in whole or in part, because the relief sought is subject to the right of set off or is subject to the doctrine of recoupment.

6.      Some or all of the claims asserted by Plaintiff are precluded because the communications complained of are privileged communications and not capable of a defamatory meaning.

7.      Some or all of the claims asserted by Plaintiff are precluded because the alleged defamatory statements are true and/or statements of opinion and, therefore, are not actionable.

8.      Some or all of the claims asserted by Plaintiff are precluded because the alleged images are in the public domain.

9.      Plaintiff's abuse of process claim fails in whole or in part because the actions alleged support, and where in the furtherance of, the scope of the proceedings initiated and lack an ulterior purpose.

10.     Plaintiff has not suffered any damages as a result of any actions or inactions of Defendant and has failed to mitigate any damages he may have suffered.

11.     The Amended Complaint fails in whole or in part because Plaintiff's alleged damages, if any, were caused by the sole, joint, and/or concurrent neglect of persons other than the Defendant.

12.     Any damages Plaintiff suffered were the result of his own actions or inactions for which Defendant is not the direct or proximate cause.

13.     To the extent that any defenses of Rule 8 of the Federal Rules of Civil Procedure or applicable law may apply or become apparent during the course of discovery, Defendant asserts them presently, and reserves the right to amend this Answer to assert these defenses.

**WHEREFORE**, Defendant respectfully requests that the Court:

1.   Dismiss Plaintiff's claims against her with prejudice;

2.   Award Defendant her costs and attorneys' fees against Plaintiff; and

3.   Grant Defendant other just and equitable relief as the court may deem just and equitable.

Dated:   March 21, 2019          **BALLARD SPAHR LLP**


By   /s/  Adam C. Ballinger
    Adam C. Ballinger (#0389058)
2000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone:  (612) 371-3211
ballingera@ballardspahr.com


**KUTAK ROCK LLP**


By   /s/  K. Jon Breyer
    K. Jon Breyer (#302259)
60 South Sixth Street
Suite 3400
Minneapolis, MN 55402
Telephone: (612) 334-5057
jon.breyer@kutakrock.com


*Attorneys for Defendant Catherine Schaefer*

13