## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>               Plaintiff,<br><br>v.<br><br>Grace Elizabeth Miller,<br>Catherine Marie Schaefer,<br><br>               Defendants. | Case No. 18-cv-0466-SRN-HB<br><br>**ANSWER<br>TO AMENDED COMPLAINT** |

Defendant Grace Elizabeth Miller ("Defendant Miller") denies every allegation of Brock Fredin's ("Plaintiff") Amended Complaint ("AC") unless admitted or qualified below:

### NATURE OF THE CASE

1.     Paragraph 1 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. Defendant Miller denies the remaining allegations of Paragraph 1 of the AC.

2.     Denied.

3.     The allegations of paragraph 3 of the AC contain legal conclusions to which an answer is not required. In the event an answer is required, Defendant Miller denies the allegations of paragraph 3 of the AC.

### JURISDICTION AND VENUE

4.     The allegations of paragraph 4 of the AC contain legal conclusion to which an answer is not required. In the event an answer is required, Defendant Miller denies that this Court has federal question jurisdiction under 28 U.S.C. § 1331 as Plaintiff has

4853-1333-9769.2

not asserted a claim which invokes a federal question. Defendant Miller further denies that the amount in controversy exceeds $75,000.

5.     Admit.

## THE PARTIES

6.     Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 6 of the AC and, as such, denies the same. Defendant Miller affirmatively alleges that Plaintiff is currently incarcerated in a Minnesota correctional facility as punishment for stalking Defendant Miller.

7.     Admit.

8.     Defendant Miller is without sufficient information to either admit or deny the allegations contained in paragraph 8 of the AC and, as such, denies the same.

## FACTUAL ALLEGATIONS

9.     Paragraph 9 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 9 of the AC and, as such, denies the same.

10.    Paragraph 10 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 10 of the AC and, as such, denies the same.

11.    Defendant Miller admits that she had a relationship with the Plaintiff. Defendant Miller denies the remaining allegations of paragraph 11 of the AC.

12. Denied

13. Defendant Miller admits that she filed a petition for a harassment restraining order against Plaintiff on January 24, 2016. Defendant Miller denies the remaining allegations of paragraph 13 of the AC.

14. Paragraph 14 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 14 of the AC and, as such, denies the same.

15. Paragraph 15 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 15 of the AC and, as such, denies the same.

16. Defendant Miller is without sufficient information to either admit or deny the allegations contained in paragraph 16 of the AC and, as such, denies the same.

17. Defendant Miller is without sufficient information to either admit or deny the allegations contained in paragraph 17 of the AC and, as such, denies the same.

18. Paragraph 18 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 18 of the AC and, as such, denies the same.

19. Defendant Miller is without sufficient information to either admit or deny the allegations contained in paragraph 19 of the AC and, as such, denies the same.

20. Paragraph 20 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 20 of the AC and, as such, denies the same.

21. Paragraph 21 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 21 of the AC and, as such, denies the same.

22. Defendant Miller is without sufficient information to either admit or deny the allegations contained in paragraph 22 of the AC and, as such, denies the same.

23. Paragraph 23 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 23 of the AC and, as such, denies the same.

24. Paragraph 24 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 24 of the AC and, as such, denies the same.

25. Defendant Miller is without sufficient information to either admit or deny the allegations contained in paragraph 25 of the AC and, as such, denies the same.

26. Paragraph 26 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller denies the allegations contained in paragraph 26 of the AC.

27. Paragraph 27 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 27 of the AC and, as such, denies the same.

28. Denied

29. Paragraph 29 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 29 of the AC and, as such, denies the same.

30. Denied

31. Paragraph 31 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller denies the allegations of paragraph 31 of the AC.

32. Paragraph 32 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller denies the allegations of paragraph 32 of the AC.

33. Paragraph 33 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller denies the allegations of paragraph 33 of the AC.

34. Paragraph 34 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller denies the allegations of paragraph 34 of the AC.

35. Defendant Miller admits that the Plaintiff violated harassment restraining orders and contempt hearings have been held by the Ramsey County District Court. Defendant Miller is without sufficient information to either admit or deny the remaining allegations contained in paragraph 35 of the AC and, as such, denies the same.

36. Paragraph 36 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller denies the allegations contained in paragraph 36 of the AC.

37. The allegations of paragraph 37 are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 37 of the AC and, as such, denies the same.

38. Paragraph 38 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. The City Pages Article speaks for itself as to its content. In the event an answer is required, Defendant Miller denies the remaining allegations of paragraph 38 of the AC.

39. Defendant Miller is without sufficient information to either admit or deny the allegations contained in paragraph 39 of the AC and, as such, denies the same.

40. Defendant Miller admits that she assisted Defendant Schaefer with the procedural requirements to obtain a harassment restraining order. The City Pages article

speaks for itself as to its contents. Defendant Miller is without sufficient information to either admit or deny the allegations contained in paragraph 40 of the AC and, as such, denies the same.

### COUNT I - Defamation *Per Se*

41. Defendant Miller realleges paragraphs 1-40 of the Answer as though fully set forth herein.

42. Denied.

43. Denied.

44. The allegations of paragraph 44 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Miller denies the allegations of paragraph 44 of the AC and affirmatively alleges that Plaintiff was convicted of stalking Defendant Miller.

45. The City Pages article speaks for itself as to its contents. Defendant Miller denies the remaining allegations of paragraph 45 of the AC.

46. The allegations of paragraph 46 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Miller denied the allegations of paragraph 46 of the AC.

47. The allegations of paragraph 47 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Miller denied the allegations of paragraph 47 of the AC.

## COUNT II - Abuse of Process

48. Defendant Miller realleges paragraphs 1-47 of the Answer as though fully set forth herein.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Paragraph 54 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 54 of the AC and, as such, denies the same.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. The allegations of paragraph 59 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Miller denied the allegations of paragraph 59 of the AC.

## COUNT 3:
## Non-Consensual Sexual Solicitation (Minn. Stat. § 604.31 Subd. 2)

60. Defendant Miller realleges paragraphs 1-59 of the Answer as though fully set forth herein.

61. Denied.

62. Defendant Miller admits that she assisted Defendant Schaefer with the procedural requirements to obtain a harassment restraining order. The City Pages article speaks for itself as to its contents. Defendant Miller denies the remaining allegations contained in paragraph 62 of the AC.

63. The allegations of paragraph 63 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Miller denied the allegations of paragraph 63 of the AC.

### COUNT 4: Invasion of Privacy by Intrusion Upon Seclusion

64. Defendant Miller realleges paragraphs 1-63 of the Answer as though fully set forth herein. Defendant Miller denies the allegations contained in paragraph 64 of the AC.

65. Defendant Miller realleges paragraphs 1-64 of the Answer as though fully set forth herein. Defendant Miller denies the allegations contained in paragraph 65 of the AC.

66. Defendant Miller realleges paragraphs 1-65 of the Answer as though fully set forth herein. Defendant Miller denies the allegations contained in paragraph 66 of the AC.

67. Denied.

68. Denied.

69. The Report and Recommendation referenced in paragraph 68 of the AC speaks for itself as to its contents, was decided under Fed. R. Civ. P. 12(b)(6), relates to

an entirely different case against an individual other than Defendant Miller, and Plaintiff's allegations were presumed to be true by the Court under the legal standard applicable to Fed. R. Civ. P. 12(b)(6). Defendant Miller denies the remaining allegations of paragraph 69 of the AC.

70. The allegations of paragraph 70 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Miller denied the allegations of paragraph 70 of the AC.

### COUNT 4: Negligence

71. Defendant Miller realleges paragraphs 1-70 of the Answer as though fully set forth herein.

72. Denied.

73. Denied.

[No paragraph number].    Denied.

74. Denied.

75. Denied.

76. Paragraph 76 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller denies the allegations of paragraph 76 of the AC.

77. Denied.

78. The allegations of paragraph 78 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Miller denied the allegations of paragraph 78 of the AC.

79. Paragraph 79 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller denies the allegations contained in paragraph 79 of the AC.

80. Paragraph 80 of the AC contains allegations relating to individuals other than Defendant Miller and, as such, no answer is required. In the event an answer is required, Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 80 of the AC and, as such, denies the same.

81. Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 81 of the AC and, as such, denies the same.

82. The allegations of paragraph 82 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Miller denied the allegations of paragraph 82 of the AC.

83. The allegations of paragraph 83 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Miller denied the allegations of paragraph 83 of the AC.

**COUNT 5: Intentional Infliction of Emotional Distress**

84. Defendant Miller realleges paragraphs 1-83 of the Answer as though fully set forth herein.

85. The City Pages article and the @CardsAgstHrsmt speak for themselves as to their content. Defendant Miller denies the remaining allegations of paragraph 85 of the AC.

86. Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 86 of the AC and, as such, denies the same.

87. Defendant Miller is without information sufficient to either admit or deny the allegations contained in paragraph 87 of the AC and, as such, denies the same.

88. The allegations of paragraph 88 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Miller denied the allegations of paragraph 88 of the AC.

### COUNT 6: Civil Conspiracy to Defame, Negligence, Copyright Infringement, Non-Consensual Solicitation, Invasion of Privacy

89. Defendant Miller realleges paragraphs 1-88 of the Answer as though fully set forth herein.

90. Defendant Miller admits that she assisted Defendant Schaefer with the procedural requirements to obtain a harassment restraining order. Defendant Miller denies the remaining allegations of paragraph 90 of the AC.

91. Denied.

92. Denied.

93. Denied.

94. The allegations of paragraph 94 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Miller denied the allegations of paragraph 94 of the AC.

95. The allegations of paragraph 95 of the AC are legal conclusions to which an answer is not required. In the event an answer is required, Defendant Miller denied the allegations of paragraph 95 of the AC.

## ATTORNEY FEES AND COSTS

Defendant Miller denies that Plaintiff is entitled to any attorney's fees, costs, and fees pursuant to 28 U.S.C. 1927.

## PRAYER FOR RELIEF

Defendant Miller denies that the Plaintiff is entitled to any of the relief requested in the WHEREFORE clause.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails in whole or in part to state a claim upon which relief can be granted and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12.

2. Some or all of the claims are barred or limited based on the doctrine of unclean hands.

3. Some or all of the claims are barred or limited based on the doctrine of ratification.

4. Some or all of the claims asserted by Plaintiff are precluded by the equitable doctrines of estoppel, waiver, and/or laches.

5. Some of all of the claims asserted by Plaintiff are barred, in whole or in part, because the relief sought is subject to the right of set off or is subject to the doctrine of recoupment.

6. Some or all of the claims asserted by Plaintiff are precluded because the communications complained of are privileged communications and not capable of a defamatory meaning.

7.    Some or all of the claims asserted by Plaintiff are precluded because the alleged defamatory statements are true and/or statements of opinion and, therefore, are not actionable.

8.    Some or all of the claims asserted by Plaintiff are precluded because the alleged images are in the public domain.

9.    Plaintiff's abuse of process claim fails in whole or in part because the actions alleged support, and where in the furtherance of, the scope of the proceedings initiated and lack an ulterior purpose.

10.    Plaintiff has not suffered any damages as a result of any actions or inactions of Defendant and has failed to mitigate any damages he may have suffered.

11.    The Amended Complaint fails in whole or in part because Plaintiff's alleged damages, if any, were caused by the sole, joint, and/or concurrent neglect of persons other than the Defendant.

12.    Any damages Plaintiff suffered were the result of his own actions or inactions for which Defendant is not the direct or proximate cause.

13.    To the extent that any defenses of Rule 8 of the Federal Rules of Civil Procedure or applicable law may apply or become apparent during the course of discovery, Defendant asserts them presently, and reserves the right to amend this Answer to assert these defenses.

**WHEREFORE**, Defendant respectfully requests that the Court:

1. Dismiss Plaintiff's claims against her with prejudice;

2. Award Defendant her costs and attorneys' fees against Plaintiff; and

3. Grant Defendant other just and equitable relief as the court may deem just and equitable.

Dated:   March 21, 2019

**BALLARD SPAHR LLP**

By   /s/  Adam C. Ballinger
    Adam C. Ballinger (#0389058)
2000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone:  (612) 371-3211
ballingera@ballardspahr.com

**KUTAK ROCK LLP**

By   /s/  K. Jon Breyer
    K. Jon Breyer (#302259)
60 South Sixth Street
Suite 3400
Minneapolis, MN 55402
Telephone: (612) 334-5057
jon.breyer@kutakrock.com

*Attorneys for Defendant Grace Miller*