UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED
APR 17 2019
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

Brock Fredin,

    Plaintiff,

v.

Grace Elizabeth Mille, and
Catherine Marie Schaefer,

    Defendants.

Civil No. 18-cv-0466 (SRN/HB)

**RULE 26(f) REPORT**

The pretrial conference in this matter will be held by telephone on **April 24, 2019, at 9:00 a.m.**, before United States Magistrate Judge Hildy Bowbeer. The parties/counsel identified below prepared the following report.

## DESCRIPTION OF CASE

1. Concise Factual Summary of Plaintiff's Claims (to be completed only by Plaintiff);

2. Concise Factual Summary of Defendant's claims/defenses (to be completed only by Defendants);

3. Statement of Jurisdiction (including statutory citations);

4. Statement of whether jury trial has been timely demanded by any party;

5. Statement of whether all process has been served;

6. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured (to be completed only by Defendants); and

7. Whether the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota.

SCANNED
APR 19 2019
[illegible]
U.S. DISTRICT COURT ST. PAUL

## DISCOVERY

The parties must propose a discovery plan that is appropriate and proportionate to the case, and conducive to efficient pretrial case preparation. The parties must consider each of the topics set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F).

The details of the proposed discovery plan should be set forth in this Report. The following items regarding the schedule and limitations on discovery are intended to guide the parties and should be useful in the ordinary case; however, in developing their proposed discovery plan, the parties should take the parties should take into account the unique circumstances of the individual case.

## FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before __12/21/20__. The parties will produce copies of the documents described in their initial disclosures on or before __12/1/20__.

2. Fact discovery procedures must be commenced in time to be completed on or before __12/1/20__. The parties have considered whether an interim date for the substantial completion of document production should be set to facilitate the scheduling and taking of depositions. If so, document production should be substantially complete by __8/15/20__.

3. If the parties believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others, describe that proposal here: _____.

4. The parties propose that the Court limit the use and number of discovery procedures by each party/side[2] as follows:

---

[2] The parties must state clearly in this section whether the proposed limitations should be "per side" or "per party," along with definitions of those terms if needed, and whether any of the limitations should refer to the number of requests served *by* a particular party or side or *on* a particular party or side, or both.

2

  a) No more than a total of __25__ interrogatories, counted in accordance with Rule 33(a), shall be served by each party/side.

  b) No more than __25__ document requests shall be served by each party/side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B) as amended effective December 1, 2015.

  c) No more than __25__ requests for admissions shall be served by each party/side.

5. Where appropriate, the parties are encouraged to make other proposals concerning limitations on written discovery, coordination of written discovery across the related cases, and/or other ways to make written discovery more cost-effective and less duplicative or burdensome.

The parties propose the following additional provisions concerning written discovery: __n/a__.

6. Defendants **may / may not** conduct a Rule 35 Medical Examination of Plaintiff. (If a Rule 35 Medical Examination is permitted, it must be completed in time for the report to be served on or before the deadline for Defendants' expert disclosures, set forth below.)

7. No more than __30__ fact depositions, including non-party depositions, shall be taken by each party/side.

8. Where appropriate, the parties are encouraged to make other proposals concerning the number and/or length of depositions, coordination of depositions across the related cases, and/or other ways to make deposition discovery more cost-effective and less duplicative or burdensome.

The parties propose the following additional provisions concerning the taking of depositions: __n/a__.

9. Claims of Privilege or Work Product Protection.

  a) The parties have considered issues about asserting claims of privilege and/or protection as attorney work-product or trial preparation materials after production, and **do / do not** request that the Court include the following provision in the scheduling order:

If Defendant Miller or Schaefer raise attorney-client privilege, they are required to provide an outside work-product Master to review the documents consistent with attorney-client privilege.

3

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

b)  The parties have considered issues concerning privilege logs or other disclosures regarding documents withheld on grounds of privilege or work product protection and **do / do not** request the Court to include either or both of the following provisions in the Pretrial Scheduling Order:

Unless otherwise ordered, the parties are not obligated to include on their privilege logs documents, communications, or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action. [Y / **N**]

Privilege logs must be provided by the producing party [on or before __6/1/20__ ] OR [within _14_ days of the production from which documents were withheld]. [**Y** / N]

If the parties have different or additional proposals concerning the process for handling privileged or work product information and wish them to be incorporated into the Pretrial Scheduling Order, those proposals should be set forth here: __n/a__.

## EXPERT DISCOVERY

The parties anticipate that they **will** / will not require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling _5_ (number) of experts in the fields of: __First Amendment/ Harassment, Sexual Assault__. (To be completed only by Plaintiff)

2. Defendants anticipate calling _____ (number) of experts in the fields of: _____. (To be completed only by Defendants)

4

3. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows: (Note: all of the following blanks to be filled in by all parties even if they do not currently anticipate calling experts.)

   a) Identities by Plaintiff on or before 1/11/20 ,
   Disclosures by Plaintiff on or before 11/21/20 .

   b) Identities by Defendants on or before _____.
   Disclosures by Defendants on or before _____.

   c) Rebuttal identities and disclosures on or before 12/1/20 .

4. Expert discovery, including depositions, must be completed by 12/1/20 .

**NON-DISPOSITIVE MOTION DEADLINES**

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 2 below, any motion that seeks to amend the pleadings or to add parties must be filed and served on or before 12/1/20 .

2. (If applicable) Any motion that seeks to amend the pleadings to add a claim for punitive damages must be filed and served on or before 12/1/21 .

3. Except as provided in paragraph 4 below, all other non-dispositive motions must be filed and served on or before 12/1/20 . [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of fact discovery.]

4. All non-dispositive motions that relate to expert discovery must be filed and served on or before 12/31/20 . [NOTE: Absent unusual circumstances, this date should be no more than two weeks following the close of expert discovery.]

5

5. The parties **do / do (not)** propose that a party be required to request an informal telephone conference with the Court *before* filing any formal discovery motion.

## PROTECTIVE ORDER

The parties **do / do (not)** intend to submit a proposed protective order governing the confidentiality of information exchanged in discovery and filed with the Court.

If either party believes a protective order is necessary, Plaintiff and Defendants must meet and confer in an attempt to reach agreement on a joint proposed protective order. If they reach agreement on a joint proposed order, it may be filed in the form of a Stipulation for Protective Order. If the parties agree that a protective order is appropriate but disagree as to some of the terms, they should file a copy of the proposed order and identify therein any terms on which the parties disagree, with the language proposed by each clearly indicated. If needed, the Court will then schedule a conference call or seek additional written submissions.

**PLEASE NOTE:** The District of Minnesota has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court. *See* (*http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf* or *http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx*). No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case.

The parties are further directed to Magistrate Judge Bowbeer's Practice Pointers and Preferences with regard to this topic. The parties are also reminded that their Stipulation for Protective Order, like any proposed order, must not only be filed in CM/ECF but a Word version of the document must also be e-mailed to the chambers e-mail box.

## DISPOSITIVE MOTION DEADLINES

1. The parties **do / do (not)** believe that expert discovery must be completed before dispositive motions are filed.

2. The parties **do / do not** believe that early dispositive motions (i.e, before the completion of all discovery) on one or more issues could be of material assistance in resolving the case. If so, describe: n/a

6

3. The parties recommend that all dispositive motions (including *Daubert* motions) be filed and served on or before ___12/1/21___.

## SETTLEMENT

1. The parties must consider whether early settlement discussions, an early settlement conference with the Court, or another form of early alternative dispute resolution, would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before then.

    The results of that consideration, including any proposals or recommendations, are as follows:

    Substantial discovery to be complete before settlement (8/1/20).

2. No later than **one (1) week before** the pretrial conference, each party must mail or email *directly to Magistrate Judge Bowbeer's chambers* a confidential letter of no more than three (3) pages, setting forth any additional, confidential information about the party's interest in settlement or possible settlement proposals that may be of assistance to Magistrate Judge Bowbeer in planning or furthering early settlement efforts. **PLEASE NOTE:** This confidential letter will not be filed or provided to the other side, and therefore it should not advance arguments or positions on issues that may later come before Magistrate Judge Bowbeer for ruling (e.g., issues concerning amendments to the pleadings, the Pretrial Scheduling Order, discovery, etc.).

3. The Court will discuss this topic with the parties at the pretrial conference and may set a date for an early settlement conference or for an interim status conference to discuss when the case would be ready for a productive settlement conference.

## TRIAL

1. Trial by Magistrate Judge:

    If the parties consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 6, the consent form should be filed with the Clerk of Court. If all parties consent to magistrate judge jurisdiction, all proceedings, including trial by jury, if any, will be before the Magistrate Judge assigned to the case.

2. This case will be ready for trial on  3/1/21  . The anticipated length of the (**bench** / **jury**) trial is  4  days.

DATE:  April 14, 2019

Plaintiff  Brock Fredin
Address  1180 7th Ave Baldwin, WI
Phone #  612-424-5512

DATE: _____

_____
Defendant's Counsel
License #
Address
Phone #
E-mail

8