## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, | |
| Plaintiff, | Court File No. 17-cv-03058 (SRN/HB) |
| v. | |
| Lindsey Middlecamp, | |
| Defendant. | |

| | |
|---|---|
| Brock Fredin, | |
| Plaintiff, | Court File No. 18-cv-00466 (SRN/HB) |
| v. | |
| Grace Elizabeth Miller, et al., | |
| Defendant. | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## THEIR MOTION FOR SANCTIONS

Defendants Grace Miller, Catherine Schaefer, and Lindsey Middlecamp (collectively, the "Defendants") submit this joint memorandum of law and supporting declaration of K. Jon Breyer in support of the Motion for Sanctions against Plaintiff Brock Fredin ("Fredin").

Despite having ample opportunity, Plaintiff Brock Fredin ("Fredin") has failed to fulfill his discovery obligations and adequately respond to Defendants' discovery requests in this case or respond to questions during his deposition. His failure to adequately respond

to interrogatories, answer basic questions in his deposition, and produce foundational documents that allegedly support his claims in this case have prejudiced Defendants' ability to defend themselves from Fredin's outlandish claims. Moreover, Fredin's failure to respond to discovery violates the Court's October 15, 2019 Order Compelling Discovery. His failure to comply with the discovery order and to make required disclosures relevant to the claims and defenses in this case warrants dismissal of this action in its entirety.

## PROCEDURAL HISTORY

On August 29, 2019, Defendants served Fredin with interrogatories and documents requests in both Case No. 18-466 (the "*Miller/Schafer* case") and Case No. 17-3058 (the "*Middlecamp* case")(collectively, the "Discovery"). Fredin responded to the Discovery at (literally) the final hour on September 29, 2019 at 11:50PM. Unsurprisingly, Fredin's responses were seriously deficient in a number of ways. Those deficiencies are explained in detail in Defendants' previous Motion to Compel Discovery filed on October 15, 2019. (*See* Doc. 83 at 2–9.) On October 25, 2019, the Court issued an Order that granted Defendants' motion in part. (Doc. 91.) Specifically, the Order compelled Fredin to comply with Defendants' Discovery in the *Miller/Schafer* case within 21 days in the following ways:

- Answer Interrogatory No. 1 by identifying "all online profiles, identities, usernames, or other identifiers" that Fredin has used. (Doc. 91 at 4–7.)

- Answer Interrogatory No. 10 by identifying "all addresses where you have resided from 2016 to present." (Doc. 91 at 4–7.)

4843-7387-1794.2

- Regarding Document Request Nos. 1–7, 9, 13, 15, 16, and 17 Fredin was ordered to either re-produce all of the responsive documents in a form that is organized and labeled to directly refer and correspond with the requests, or (2) prepare and produce a log clearly identifying each of the documents he has already produced to Defendants, and as to each such document identify the specific request or requests to which it responds. (Doc. 91 at 7–9.)

- Respond to Document Request No. 15 by producing a complete and up-to-date resume or curriculum vitae in his possession or posted online. (Doc. 91 at 10.)

- Respond to Document Request No. 8 by producing all documents in his possession that constitute, refer, or relate to medical evaluations of his emotional distress, or alternatively, to serve a supplemental response stating that he has search for and has no such documents. (Doc 91 at 12.)

Similarly, the Court ordered Fredin to comply with Discovery in the *Middlecamp* case within 21 days of the Order in the following ways:

- Answer Interrogatory No. 7 by identifying "all online profiles, identities, usernames, or other identifiers" that Fredin has used. (Doc. 91 at 14.)

- Answer Interrogatory No. 14 by identifying "any oral representations, admissions, or statements against interest allegedly made by Defendant that are relevant to the issues in this lawsuit." (Doc. 91 at 14.)

- Regarding Document Request Nos. 3, 5, and 13 Fredin was ordered to either re-produce all of the responsive documents in a form that is organized and labeled to directly refer and correspond with the requests, or (2) prepare and produce a log clearly identifying each of the documents he has already produced to Defendants, and as to each such document identify the specific request or requests to which it responds. (Doc. 91 at 15.)

- Respond to Document Request No. 4 by producing all documents in his possession that constitute, refer, or relate to medical evaluations of his emotional distress, or alternatively, to serve a supplemental response stating that he has search for and has no such documents. (Doc. 91 at 16.)

- Respond to Document Request No. 11 by producing a complete and up-to-date resume or curriculum vitae in his possession or posted online. (Doc. 91 at 16–17.)

- Respond to Document Request No. 12 by producing "all documents that constitute, refer, or relate to communications, including electronic communications, exchanged

3

between you and any person concerning the issues/matters identified in the pleadings." (Doc. 91 at 17.)

The Order Compelling Discovery further compelled Fredin to appear for his deposition, which eventually took place on December 5, 2019 in Minneapolis. (*See* Breyer Decl. Ex. A.) At the deposition, it quickly became clear that Fredin had failed to comply with the Order Compelling Discovery. In general, Fredin (1) failed to search all of his devices which were likely to contain discoverable information, (2) excluded documents that he just didn't want to produce, (3) refused to answer questions about people who had knowledge of the claims and defenses in both matters, and (4) refused to answer questions about websites he created and that contained information he claims is defamatory.

Specifically, Fredin failed to search through multiple devices in his possession, including 5-6 cell phones and an iMac computer. (Breyer Decl. Ex. A at 95-96, 105-106, 126-127.) He attempts to justify this failure by concocting a conspiracy theory that the devices were in some way compromised by the Saint Paul Police Department—a theory for which he has zero actual evidence. (*Id*. at 44–48.) He refused to search his iMac computer that is in his possession, even though he used it to communicate to Defendants using various online profiles. (*Id*. at 126–127.) He refused to search 5-6 cell phones that are in his possession that admittedly were used to access online profiles, receive text messages and that contain other relevant data. (*Id*. at 93-96, 105-106.) He refused to turn over communications with a recent ex-girlfriend regarding these cases because they happen to also contain "emotional-content." (*Id*. at 40–43.) He further refused to produce complete profiles for the BlackOutx2 profile - the very profile he alleges that Defendants

4

created and that comprises the entirety of his unsolicited sexual solicitation claim. (*Id*. at 90–92.)

Later in the deposition, Fredin refused to disclose the name of a "friend" who captured data analytics that purportedly identified Catherine Schaefer's IP address – data analytics that Fredin has also failed to disclose. In the same exchange, Fredin refused to answer any questions about Anthony Zappin, an individual believed to have collaborated with Fredin on websites relevant to this action, including lindseymiddlecamp.com, courthq.com and others. (*Id*. at 137–39.) Fredin also refused to answer questions regarding a website he created and for which he uploaded content about Defendants. (*Id*. at 183–85.)

## ARGUMENT

### I.   Legal Standard

Rule 37 of the Federal Rules of Civil Procedure grants the Court broad discretion to impose sanctions for failure to comply with a discovery order. *Heidersheid v. Russell*, No. 18-CV-1733 (NEB/SER), 2019 WL 6075123, at *2 (D. Minn. Oct. 15, 2019), report and recommendation adopted sub nom. *Heiderscheid v. Russell*, No. 18-CV-1733 (NEB/SER), 2019 WL 6050347 (D. Minn. Nov. 15, 2019). In imposing a discovery violation sanction, "[t]he court must balance the goals of enforcing the process of discovery and ensuring adherence to policy aims of discovery with the right of a party to have its case heard on the merits." *Card Tech. Corp. v. DataCard Inc*., 249 F.R.D. 567, 571 (D. Minn. 2008).

Dismissal of an action in its entirety is among the sanctions specifically articulated by the Rules. Fed. R. Civ. P. 37(b)(2)(A)(v). This District, along with the Eighth Circuit, recognizes that dismissal is the appropriate sanction for discovery violations when three

5

circumstances are present: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party. *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000), *Heidersheid*, 2019 WL 6075123, at *2. In addition, before the Court can dismiss a case under Rule 37(b)(2), the Court must consider whether a less extreme sanction would suffice, *unless* the party's failure to comply with the discovery order was deliberate or in bad faith. *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992).

To be sure, dismissal of an action is a drastic sanction, but it is the appropriate one when the failure to comply is due to the "willfulness, bad faith, or any fault of [the plaintiff.]" *Eric Wong v. Minnesota Dep't of Human Servs.*, No. 13-CV-3378 (DWF/SER), 2018 WL 1866090, at *2 (D. Minn. Mar. 29, 2018), report and recommendation adopted sub nom. *Wong v. Minnesota Dep't of Human Servs.*, No. CV 13-3378 (DWF/SER), 2018 WL 1865927 (D. Minn. Apr. 18, 2018) (quoting *Hairston v. Alert Safety Lights Prods., Inc.*, 307 F.3d 717, 718-19 (8th Cir. 2002). Moreover, the Court is not "constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Keefer v. Provident Life & Acc. Ins. Co.*, 238 F.3d at 941.

**II.    Fredin's violations of the Order Compelling Discovery warrant dismissal as a sanction**

The Court should dismiss this action because the above elements are met: (1) the Court issued an order compelling discovery; (2) Fredin willfully violated that order; and (3) Defendants have been prejudiced as a result of that violation. A lesser sanction is not

6

appropriate here, and in any event, the Court need not consider a lesser sanction because Fredin's non-compliance with the discovery order was deliberate and done in bad faith.

### The Court issued a discovery order

As discussed above, the Court issued an extensive order on October 25, 2019 that compelled Fredin answer specific interrogatory questions, and to conduct document searches and produce resulting documents. That discovery order was issued because many of Fredin's original responses to Defendant's discovery requests were deficient or wholly ignored. (*See generally*, Doc. 91.) Thus, the first prerequisite for the imposition of a dismissal sanction is satisfied. *See Heidersheid*, 2019 WL 6075123, at *3.

### Fredin's violation was willful

The Eighth Circuit has made clear that a finding of willful violation of a discovery order can occur when a *pro se* plaintiff has disobeyed a single order compelling discovery. *See Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (a *pro se* plaintiff's failure to respond to interrogatories even after an order compelling him to do so constituted a deliberate act that warranted dismissal of the action); *See also Beck v. Fabian*, 250 F. App'x 754 (8th Cir. 2007) ("The uncontroverted facts show that [plaintiff] willfully refused to comply with a court order to compel discovery.").

In *Heidersheid*, the plaintiff failed to respond to discovery even though an order compelling discovery had been issued. *Heidersheid*, 2019 WL 6075123, at *3. He offered no good reason for his failure to comply with the discovery order, nor did he notify the Court of any reason that he was unable to comply. *Id*. As the Court summarized there, in

7

light of the precedent in *Anderson* and *Beck*, deliberate non-compliance with a discovery order constitutes a willful violation. *Id*.

Like the plaintiffs in the above cases, Fredin's lack of compliance with the Court's discovery order is willful. After he failed to adequately answer Defendants' discovery or produce documents in a timely manner, the Court's discovery order gave Fredin explicit instructions on how he was to comply with Defendant's discovery requests and established a timeframe for compliance. Despite these clear instructions from the Court, and as outlined in detail above, Fredin (1) failed to answer questions in his deposition regarding all of his online profiles, specifically the BlackOutx2 profile and to produce documents regarding the same, (2) failed to conduct basic searches for documents in his cellphones that he admitted contained or were likely to contain relevant information, (3) failed to search his iMac computer that is in his possession, (4) refused to answer any questions regarding Anthony Zappin, a person with whom Fredin is believed to have conspired to harass Defendants, (5) failed to produce communications with an ex-girlfriend that contained communications relating to the claims and defenses in these cases, and (6) refused to answer questions regarding a Twitter handle he created, and a website he created in which he posted content regarding Defendants. Any one of these violations is sufficient to warrant the sanction of dismissal, but Defendants have presented at least six violations for the Court to base its decision.

Fredin's misapplied "relevancy" objections during his deposition does not excuse his conduct. It is preposterous for Fredin to assert that a website that he created and in which he posted content about Defendants is somehow not relevant to this action.

Similarly, the identity of the "friend" that performed the data analytics and the results as relevant to these cases, as it is Fredin's claim that Defendants created the phony profiles of Fredin online. It's Defendants' contention that Fredin himself created likely created them to frame Defendants (Breyer Decl. Ex. A at 143-147, Ex. B.). In any event, his relevancy objections, once made on the record, do not excuse him from answering the questions. There is simply no excuse for his deliberate non-responses. Thus, because of his continued refusal to comply with Defendants' discovery requests, the Court should find that Fredin has willfully violated the discovery order.

<u>Prejudice to Defendants</u>

There should be little doubt that Fredin's failure to respond to discovery and failure to produce highly relevant documents is prejudicial to Defendants' ability to defend themselves in this action. Plaintiff's allegations against Defendants are a web of lies. For years Fredin has harassed Defendants online and by other means, including these lawsuits. But Defendants ability to defend themselves has been hamstrung through Fredin's half-answers, lack of responses, and withholdings of documents and other key pieces of information. This is exactly the type of prejudice that warrants dismissal. *See Heidersheid*, 2019 WL 6075123, at *4 ("Without such information (or a statement from Plaintiff that no such information exists), it is difficult to see how [Defendant] can prepare for any trial on this matter."). The third element—prejudice to Defendants—has been met. This prejudice can only be remedied by dismissal.

9

4843-7387-1794.2

Appropriate sanction

Fredin believes that he is entitled to simply pick-and-choose which interrogatories and deposition questions he wants to answer and which documents to produce. He thinks he can simply choose not to search devices in his possession based on nonsensical conspiracy theories involving the police tainting his files, or withhold documents based on unfounded objections. Fredin is wrong. His discovery responses are woefully inadequate under both the Federal Rules and the Court's discovery order. The Court should make clear to Fredin that his deliberate non-compliance has consequences by dismissing this action.

This motion should come as no surprise to Fredin. Indeed, Court warned Fredin that a renewed motion for sanctions would be warranted if he failed to comply with the discovery order. (Doc. 91 at 20) ("If Fredin fails to comply with this Order, and/or it is clear from his production that it remains deficient or that his prior conduct in responding was indeed egregious and unjustified, Defendants may file a new motion for sanctions."). This district has found that previous warnings, while not required for dismissal of an action, serve to put litigants on notice that they are "skating on thin ice." *See Haggins v. Ramsey Cty.*, No. 015CV00059DWFKMM, 2017 WL 4047663, at *5 (D. Minn. Aug. 22, 2017), report and recommendation adopted, No. CV 15-59 (DWF/KMM), 2017 WL 4022402 (D. Minn. Sept. 12, 2017) (quoting *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1221 (8th Cir. 1998). The Court should not give Fredin any more chances.

## CONCLUSION

For the above reasons, Defendants respectfully ask that the Court dismiss this action with prejudice, and award Defendants fees and costs associated with defending against this action. To the extent the Court does not dismiss these cases, Defendants' renew their request for monetary sanctions.

Dated:   February 7, 2020              **KUTAK ROCK LLP**


By  s/ K. Jon Breyer
K. Jon Breyer (#302259)
60 South Sixth Street
Suite 3400
Minneapolis, MN 55402
Telephone: (612) 334-5057
jon.breyer@kutakrock.com

*Attorneys for Defendants Lindsey Middlecamp, Grace Elizabeth Miller, and Catherine Marie Schaefer*

4843-7387-1794.2