UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brock Fredin,

                Plaintiff,        Court File No. 17-cv-03058 (SRN/HB)

v.

Lindsey Middlecamp,

                Defendant.


Brock Fredin,

                Plaintiff,        Case File No. 18-cv-466 (SRN/HB)

v.

Grace Elizabeth Miller, and
Catherine Marie Schaefer,

                Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST
TO UNSEAL DOCUMENTS**

Defendants Lindsey Middlecamp, Grace Miller, and Catherine Schaefer submit this memorandum of law in opposition to Plaintiff Brock Fredin's motion to unseal the unsolicited letter to the Court from Gordon Roy Parker that the Court properly ordered sealed on August 26, 2020. *See* 17-cv-03058, Doc. 191; 18-cv-466, Doc. 183.

4851-7475-5280.1

The letter was properly sealed by the Court because (1) it is not a "judicial record"; (2) it is an letter from a nonparty that was not filed in support of or in response to any motion or proceeding; and (3) the letter's stated intent is to disparage Defendants. It does not deserve to be unsealed, much less occupy a place on the docket. It should be stricken from the record.

**<u>Background</u>**

In 2017, Fredin went to great lengths to contact third parties he believed to be associated with Defendant Middlecamp's anonymous twitter account in order to provide those third parties with her name and other identifying information. Based on that conduct and its adverse effects on her safety and privacy, Middlecamp's harassment restraining order specifically prohibits Fredin from providing third parties with information about Middlecamp from which she can be located or contacted.  (18-cv-00466, Doc. 192-19, HRO ¶6.)

Unfortunately, it appears from Mr. Parker's emails that Fredin has violated the HRO once again. There is no conceivable reason why Mr. Parker, who by his own admission did not know Middlecamp's name or identifying details when he was active on Twitter in 2014 or 2015, would five years later, while motions for summary judgment are pending, become aware of Middlecamp's name or location, or Fredin's litigation against her. It is reasonable to conclude that Fredin has extended his stalking of Middlecamp to identifying negative

twitter interactions in order to contact third parties and provide them with a means to harass her directly.

Mr. Parker's emailed letter to this Court is an example of this strategy. Mr. Parker expressly admits "[t]his is neither a declaration nor an affidavit. It is not given under penalty of perjury, as I have no direct interest in these cases." [Doc. 192.] The letter proceeds to regurgitate select Twitter posts from 2015 and malign Middlecamp with the same tactics employed by Fredin. The letter admittedly was not submitted in support of or in response to any motion or proceeding for this Court. Mr. Parker did not seek permission to correspond with the Court, and the letter serves no purpose other than to harass Defendants. It should remain sealed or, alternatively, stricken from the record.

**I.     Applicable Standard**

A district court has supervisory power over its records, the decision to seal is completely within the court's discretion. *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir.1990). The threshold question of whether a document should be unsealed and available to the public is whether the document is a "judicial record." If it is not a judicial record, then the inquiry ends, and the document remains sealed. Not all documents are "judicial records" to which the presumption of public access attaches; instead, only those documents that are relevant to and integrally involved in the resolution of the merits of a case are judicial records to which the presumption of public access

attaches. *Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781 (SRN/JSM), 2014 WL 12597948, at *9 (D. Minn. Oct. 14, 2014).

If the document in question is a judicial record, then the Court must decide whether the common law right of access to judicial records, which includes the public's "right to access documents that are submitted to the Court and that form the basis for judicial decisions," is implicated. *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 960 F.Supp.2d 1011, 1013 (D.Minn.2013) (citing *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir.2013)). The Eighth Circuit has explained that the public's right of access "is not absolute, but requires a weighing of competing interests." *Webster Groves Sch. Dist.*, 898 F.2d at 1376. Specifically, the district court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. The weight that the Court gives to the presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (internal quotation marks omitted). Even when the "weight of the presumption [of public access] is low" because it does not implicate the district court's exercise of judicial power, it must nonetheless be overcome by some "countervailing reason." *See id.* (internal quotation marks omitted); *see also Webster Groves Sch. Dist. v. Pulitzer Publishing Co.,* 898 F.2d 1371, 1376 (8th Cir.1990) ("[w]hen

4

the common law right of access to judicial records is implicated we give deference to the trial court rather than taking the approach of some circuits and recognizing a 'strong presumption' favoring access").

## II. Mr. Parker's Letter is not a Judicial Record

Here, the letter Fredin seeks to unseal is not a judicial record and, therefore, there is no common law right of public access to it. This Court, and courts outside of the Eighth Circuit, have determined that not all documents filed in a case qualify as "judicial records"; instead, only those documents that are relevant to and integrally involved in the resolution of the merits of a case are judicial records to which the presumption of public access attaches. *Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781 (SRN/JSM), 2014 WL 12597948, at *9 (D. Minn. Oct. 14, 2014), *aff'd*, No. 11-CV-02781 SRN/JSM, 2015 WL 224705 (D. Minn. Jan. 15, 2015); *see e.g. In re Application for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) ("[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights.") (citing *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002) (examining the common law presumption of access coextensively with the definition of "judicial records," and holding that the presumption attaches to "those materials which properly come before the court in the course of an adjudicatory proceeding and which are relevant to that adjudication." (citation omitted)); *United States v. El–Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997) ("[W]hat makes a document a judicial record and subjects it to

the common law right of access is the role it plays in the adjudicatory process."); *United States v. Amodeo*, 44 F.3d 141, 145 2d Cir. 1995 ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."), reversed in part on other grounds by *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995); *In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (table), 1995 WL 541623, at *3–4 (4th Cir. Sept. 13, 1995) ("[A] document becomes a judicial document when a court uses it in determining litigants' substantive rights. Therefore, we conclude that a document must play a relevant and useful role in the adjudication process in order for the common law right of public access to attach." (citation and internal citation omitted); *Ohio Valley Envtl. Coalition v. Elk Run Coal Co., Inc.*, 291 F.R.D. 114, 123 (S.D. W.Va. 2013) (noting that "judicial records" are generally defined as "documents filed with the court [that] play a role in the adjudicative process or adjudicate substantive rights") (internal quotation omitted); *In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d 2, 6 (D. D.C. 2013) ("[W]hether something is a judicial record depends on the role it plays in the adjudicatory process. The reason for this rule is intuitive: the concept of a judicial record assumes a judicial decision, and with no such decision, there is nothing judicial about the record.") (internal citations omitted); *E.E.O.C. v. GMT, LLC*, Civ. No. 11–336, 2012 WL 2871789, at *3 (D. Neb. July 12, 2012) (observing that documents filed with discovery motions are generally not considered "judicial documents" and are not subject to the public right of access); *G & C Auto Body, Inc. v. Geico Gen. Ins. Co.*, 2008 U.S.Dist. Lexis

6

124119, at *9 (N.D. Cal. March 11, 2008) (extraneous materials attached to a summary judgment motion and not directly relevant to the issues raised in the motion are not "judicial documents" subject to the heightened "compelling reasons" standard.").

Because the letter plays no role in this adjudicative process, and has no relevance to the substantive rights of the parties, it is not a judicial record to which the public has a right to access. Indeed, the letter itself proclaims ""[t]his is neither a declaration nor an affidavit. It is not given under penalty of perjury, as I have no direct interest in these cases." [Doc. 192]. Since Fredin cannot demonstrate that the letter is a judicial record, he cannot successfully move to have it unsealed.

### III.   Even if the Letter is a Judicial Record, it Should Remain Sealed

In determining whether judicial records should be kept under seal, courts consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The letter does not bear directly on the Court's consideration of the merits of any claim or defense in this case. Its sole purpose was to disparage Defendants and to further Fredin's use of the Court's docket to harass Defendants through means by which he is forbidden to do so under the current HROs. Fredin seeks to unseal the document for one

reason and one reason only, so that he may direct others to view it and so that he may claim that, because it is a court record, it is credible[1]. These are not legitimate reasons to unseal the document.  *See IDT Corp.*, 709 F.3d at 1224 (even when the "weight of the presumption [of public access] is low" because it does not implicate the district court's exercise of judicial power, it must nonetheless be overcome by some "countervailing reason.")

## Conclusion

The letter is not a judicial record and, therefore, should remain sealed. If it is a judicial record, then it should remain sealed because there is no countervailing public interest in its disclosure. It is a document improperly submitted to the Court by a nonparty seeking to disparage Defendants. The Court should deny Plaintiff's motion.

Dated:     October 27, 2020                    **KUTAK ROCK LLP**


By   /s/ K. Jon Breyer
K. Jon Breyer (#302259)
60 South Sixth Street
Suite 3400
Minneapolis, MN 55402
Telephone: (612) 334-5057
jon.breyer@kutakrock.com

---

[1] As detailed in Middlecamp's opposition to Fredin's motion for sanctions, Fredin also apparently desires to feature the letter in his YouTube videos disparaging Magistrate Judge Bowbeer and others.

9

*Attorneys for Defendants Lindsey Middlecamp, Grace Miller, and Catherine Schaefer*