# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

BROCK FREDIN,

        Plaintiff,

   --against--

LINDSEY MIDDLECAMP,

        Defendants.

District Court Case No.  17-CV-3058 (SRN)

---

BROCK FREDIN,

        Plaintiff,

   --against--

GRACE MILLER,
CATHERINE SCHAEFER,

        Defendants.

District Court Case No.  18-CV-466 (SRN)

---

BROCK FREDIN,

        Plaintiff,

   --against--

JAMIE KREIL,

        Defendant.

District Court Case No.  20-CV-01929 (SRN)

## PLAINTIFF'S SHOW CAUSE RESPONSE

# TABLE OF CONTENTS

INTRODUCTION.........................................................................................................1

STATEMENT OF FACTS..........................................................................................2

ARGUMENT ..............................................................................................................2

   I.    NOVEMBER 23, 2020 ORDER IS INVALID, VOID, AND UNCONSTITUTIONAL.............5

      *A.   The Court Denied Plaintiff Due Process by Making Factual Findings Without Affording Him a Meaningful Opportunity to be Heard and Without an Evidentiary Record*...................................................................................................................7

      *B.   The Court Denied Plaintiff Due Process and Violated His First Amendment Rights by Issuing the November 23 Injunction without Affording Him an Adversarial Hearing as to Whether the Statements in His Videos and Websites were Protected Speech* .................................................................................................................7

      *C.   Plaintiff's Statements in his Websites and Videos are Protected by the First Amendment*..........................................................................................................15

      *D.   The November 23, 2020 Order is Unconstitutional Prior Restraint*..................15

   II.   CRIMINAL CONTEMPT IS A DRASTIC REMEDY.........................................................15

      *A.   Criminal Contempt is a Drastic Remedy that is Inappropriate in this Case......16*

      *B.   Court Has Not Employed the "Least Possible Power Rule"* .............................16

      *C.   Plaintiff is Entitled to Charges, an Attorney, a Jury Trial and a New Judge* ....17

CONCLUSION .........................................................................................................18

CERTIFICATE OF COMPLIANCE .......................................................................19

CERTIFICATE OF SERVICE.................................................................................20

## TABLE OF AUTHORITIES

*Advanced Training Sys., Inc. v. Caswell Equip. Co., Inc.*, 352 N.W.2d 1, 11 (Minn. 1984) .................................................................................................................. 13

*Auburn Police Union v. Carpenter*, 8 F.3d 886, 803 (1st Cir. 1993) ................................ 12

*Brunquist v. Fischer*, 245 N.W.2d 161, 164 (Minn. 1955) ................................................ 9

*Caroll v. President & Com'rs of Princess Anne*, 393 U.S. 175, 180 (1986) .................... 13

*Connecticut v. Johnson*, 460 U.S. 73, 101 (1983) ............................................................ 9

*Davies v. Grossmont Union High Sch. Dist.* , 930 F.2d 1390, 1394 (9th Cir. 1991) .......... 6

*Fouglas v. Buder*, 412 U.S. 430 (1973) ............................................................................ 11

*Gideon v. Wainwright*, 372 U.S. 335 (1963) .................................................................... 17

*Greise v. Kamp*, 666 N.W.2d 404, 408 (Minn. App. 2003) .............................................. 9

*Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (Fed. Cir. 2017) .......... 11

*In re Murchison*, 349 U.S. 133, 136 (1955) ...................................................................... 18

*Jaudice v. Vail*, 430 U.S. 327 (1977) ................................................................................ 6

*Lewis v. S.S. Baune*, 534 F.2d 1115, 1119 (5th Cir. 1976) .............................................. 6

*N.L.R.B. v. A-Plus Roofing, Inc.*, 39 F.3d 1410, 1418 (9th Cir. 1994) ............................ 16

*Par Pharmaceutical, Inc. v. QuVa Pharma, Inc.*, 764 F. App'x. 272, 277 fn. 4 (3rd Cir. 2019) ................................................................................................................................ 12

*Pauling v. Pauling*, 159 F.2d 531, 535 (8th Cir. 1947) .................................................... 9

*Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Rel.*, 413 U.S. 376, 390 (1973) . 12

*Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980) .................................................. 8

*Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010)..................................................................12

*Shillitani v. United States*, 384 U.S. 364, 371 n. 9, 86 S.Ct. 1531, 1536 n. 9, 16 L.Ed.2d

    622 (1966)..........................................................................................................................17

*Sid Dillion Chevrolet*, 559 N.W.2d 740, 747 (Neb. 1997)..................................................12

*Southeastern Promotions Ltd. v. Conrad*, 420 U.S. 546, 550 (1975) .................................14

*Taberer v. Armstrong World Industries, Inc.*, 954 F.2d 888, 897 (3d Cir. 1992).......16, 17

*Taylor v. Finch*, 423 F.2d 1277 (8th Cir. 1970) ..................................................................16

*The Procter & Gamble Co. v. Team Techs., Inc.*, 46 F. Supp.3d 764, 770 (S.D.Ohio 2014)

    ..........................................................................................................................................11

*U.S. v. Blodgett*, 412 F. Appx. 935, 940 (9th Cir. 2011)........................................................8

*U.S. v. Koubriti*, 305 F. Supp. 2d 723, 4 (E.D. Mich. 2003)...............................................16

*U.S. v. McDaniel*, 449 F.2d 832, 837-38 (8th Cir. 1971)......................................................9

*U.S. v. United Mine Workers of Am.*, 330 U.S. 258, 294-95 (1947) ....................................6

*World Wide Rush, LLC v. City of Los Angeles* , 606 F.3d 676, 689 (9th Cir. 2010) ..........6

*Xcentric Ventures, LLC v. Richeson*, No. CV10-1931-PHX-NVW (D. Ariz. Dec. 15, 2010)

    .......................................................................................................................................6, 15

*Young v. United States ex rel. Vuitton et Fils S.A.,*481 U.S. 787, 801, 107 S.Ct. 2124,

    2134, 95 L.Ed.2d 740 (1987)...........................................................................................16

<u>Statutes</u>

Minn. Stat. § 609.748, Subd. 3...........................................................................................14

## **INTRODUCTION**

Plaintiff Brock Fredin ("Plaintiff") respectfully responds to Defendants show cause motion requesting relief that Plaintiff be fined $500 per day and held in contempt. [*Fredin v. Middlecamp*, Dock No. 276]; [*Fredin v. Kreil*, Dock No. 51]. Defendants in both actions have requested that Plaintiff be held in civil contempt for purported violations of the November 23, 2020 Order (hereinafter, "November 23 Order"). Civil contempt is improper in this case because the underlying civil contempt is inappropriate because the underlying November 23 Order is void, invalid and unconstitutional. More specifically, in the November 23 Order, the Court denied Plaintiff due process, e.g., a meaning opportunity to be heard, when it made factual findings without a hearing and without any evidentiary record whatsoever. Furthermore, the Court infringed on Plaintiff's due process and First Amendment rights by declaring that his statements in his YouTube videos and websites were not protected by the First Amendment without affording him a constitutionally required adversarial hearing on the issue. Plaintiff's statements in his YouTube videos and websites are plainly protected speech. And, the Court's November 23 Order is a blatant unconstitutional prior restraint. Second, Defendants Middlecamp, Miller and Schaefer have expressly demanded that Plaintiff be held in criminal contempt in their motion. Criminal contempt is a "drastic" remedy that is inappropriate in this case, particular in light of the Court's obligation to follow the "least possible power" rule. Indeed, Plaintiff has merely stood firm on two (2) principal issues: (i) that his speech is constitutionally protected; and (ii) that this Court egregiously denied him due process in rendering the prior restraints November 23 Order.

It would be the utmost abuse of power and authority for the Court to "vindicate" its authority and punish Plaintiff with criminal sanctions based on a November 23 Order that is plainly and facially unconstitutional. This is even more so when Defendants and their counsel have not shown or demonstrated with any tangible proof that they have been harmed by Plaintiff's YouTube videos and websites. As set forth below, the Court should deny Defendants' show cause motions.

## STATEMENT OF FACTS

Beginning on January 19, 2017, Defendant Lindsay Middlecamp published over fifty (50) tweets on Twitter targeting, disparaging and smearing Plaintiff. (*See generally Fredin v. Middlecamp*, Am. Compl. at Dock. No. 5, *see also* Fredin Decl. at Ex. A, Printout of Middlecamp Tweets.) These tweets falsely accused Plaintiff of rape, accused him of being a stalker, alleged that he was a predator towards women on dating apps and made numerous other disparaging remarks. (*See id*.) Many of these tweets included Plaintiff's photograph, which Defendant Middlecamp obtained through nefarious means.[1] (*See id*.)

Additionally, among the tweets Defendant Middlecamp published on Twitter was a Facebook post made by Defendant Jamie Kreil falsely accusing Plaintiff of rape. (*See id*.) Plaintiff brought the instant lawsuits alleging defamation against Defendants as a result of these tweets and posts. To this day, both Defendant Middlecamp's Twitter tweets and

---

[1] Notably, Defendant Lindsay Middlecamp, a "Special Assistant U.S. Attorney" admitted in state court proceedings to using "uniquely false information" that she "fabricated" – Defendant's Middlecamp's own words, not Plaintiff's – in an effort to try to entrap Plaintiff and bring both civil and criminal proceedings against him on behalf of her girlfriend.

2

Defendant Kreil's Facebook post remain publicly available and searchable through Twitter, Facebook and Google.

During this litigation, Plaintiff published a series of websites and YouTube videos about Defendants' counsel, who have engaged in outrageous and unethical conduct in defending Defendants' atrocious and unlawful conduct, and Magistrate Judge Hildy Bowbeer.  Such conduct included, not the least of which, was Robins Kaplan LLP and Kutak Rock LLP – two of Minneapolis' most prominent law firms – offering Defendant Middlecamp and Defendant Kreil *pro bono* representation despite the fact that both women are upper-middle class and can afford counsel.  As Plaintiff has pointed out in his content, Defendants' counsel have clearly abused *pro bono* legal representation in an apparent attempt to curry favor with the U.S. Attorney's Office where Defendant Lindsay Middlecamp is employed.  Regardless, as stated above, Plaintiff's websites and videos fall into three (3) categories:  (i) YouTube videos stating facts about these proceedings and legitimately criticizing Magistrate Judge Bowbeer's performance on the bench in this case; (ii) YouTube videos and websites stating facts about these (and related) proceedings and legitimately criticizing them for attorney misconduct, unethical behavior, racism and their facilitation of corrupt behavior of defendant and Special Assistant U.S. Attorney Lindsay Middlecamp; and (iii) YouTube videos that spoof legal advertisements involving Anne M. Lockner, L. Haynes Hansen, and K. Jon Breyer as well as their law firms Robins Kaplan LLP and Kutak Rock LLP.  (*See generally*, *Fredin v. Kreil*, Lockner Decl. at Dock. No. 23; 33-34; 36; 54.)

On October 12, 2020, Defendant Middlecamp, through her *pro bono* counsel K. Jon Breyer and Kutak Rock LLP, filed a motion requesting an injunction requiring the removal of Plaintiff's YouTube videos and websites as well as a prohibition restricting Plaintiff from publishing future content. (*See Fredin v. Middlecamp*, Dock. No. 214.) On October 21, 2020, Defendant Kreil, through her *pro bono* counsel Anne M. Lockner of Robins Kaplan LLP, filed a motion asking for substantially similar relief. (*See Fredin v. Kreil*, Dock. No. 15.) Defendants asked that the Court issue the injunction under the Court's "inherent power to sanction," without the Court conducting a hearing or otherwise affording Plaintiff an adjudication on the merits as to whether the content in the YouTube videos and websites was protected by the First Amendment.

On November 23, 2020, the Court issued an order granting, in relevant part, Defendants' request for an injunction. (*See Fredin v. Kreil*, Dock. No. 39.) Specifically, the Court issued an order: (i) requiring Plaintiff to remove his existing website and YouTube content about Defendants' counsel and Magistrate Judge Bowbeer; (ii) prohibited Plaintiff from publishing "substantially similar" content about Defendants, Defendants' counsel and Magistrate Judge Bowbeer for five (5) years; and (iii) prohibited Plaintiff, without an adjudication on the merits, from publishing content that violates Minn. Stat. § 609.748, Subd. 1(a)(1) about Defendants, Defendants' counsel, the Court's and the Court's staff. (*See id.*) Notably, the Court issued the injunction under the guise of its "inherent sanction authority." The Court conducted no hearing or adversarial adjudication on the merits prior to issuing the November 23 Order to determine whether any or all of Plaintiff's content was protected by the First Amendment.

On December 9, 2020, Defendant Kriel and her counsel brought a motion for an order to show cause and for sanctions based on Plaintiff's alleged failure to remove the YouTube videos and websites at-issue in the November 23 Order. [*Fredin v. Middlecamp*, Dock No. 276]; [*Fredin v. Kreil*, Dock No. 51]. In that motion, Defendant Kriel and her counsel demanded that Plaintiff be held in civil contempt. Specifically, they requested that: (i) Plaintiff ordered to remove the content at-issue immediately; (ii) Plaintiff be fined $500 a day while the content at-issue remained publicly accessible; (iii) attorneys' fees should be imposed on Plaintiff; (iv) Plaintiff's lawsuit against Defendant Kriel be dismissed; and (v) Plaintiff be detained until the content is removed (*See id.*)

On December 9, 2020, the Middlecamp Defendants and their counsel filed a similar motion for an order to show cause and for sanctions based on Plaintiff's alleged failure to remove the YouTube videos and websites at-issue in the November 23 Order. [*Fredin v. Middlecamp*, Dock No. 276]. In addition to the relief requested by Defendant Kriel and her counsel, the Middlecamp Defendants also demanded that Plaintiff be held in criminal contempt and detained.

Plaintiff now responds to Defendants' motions for an order to show cause and for additional sanctions.

## ARGUMENT

First, civil contempt is inappropriate because the underlying Order is invalid, void, and unconstitutional. Second, criminal contempt is a drastic remedy that is inappropriate in this case.

I.    **November 23, 2020 Order is Invalid, Void, and Unconstitutional**

5

As described below, several cases establish Plaintiff's strong defense against civil contempt.

- *Jaudice v. Vail*, 430 U.S. 327 (1977) (unconstitutionality of state civil contempt procedures can be raised as a defense to the enforcement of civil contempt at show cause hearing.)

- *Xcentric Ventures, LLC v. Richeson*, No. CV10-1931-PHX-NVW (D. Ariz. Dec. 15, 2010) (Plaintiff Xcentric has requested an order requiring Richeson to appear and show cause why he should not be held in contempt for violating the temporary restraining order. Given that the temporary restraining order was invalid, the first question is whether the Court can hold a party in contempt for violating an invalid order. The Court concludes that it does not have such power.)

- *World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 689 (9th Cir. 2010) (" [v]acatur of the injunction... voids the civil contempt order")

- *Davies v. Grossmont Union High Sch. Dist.*, 930 F.2d 1390, 1394 (9th Cir. 1991) ("[T]he legitimacy of the [civil] contempt adjudication is based on the validity of the underlying order.")

Civil contempt is inappropriate in this case for one simple reason: the underlying November 23 Order is unconstitutional. The Supreme Court has made clear that the propriety of civil contempt turns on the propriety of the order allegedly disobeyed. *See U.S. v. United Mine Workers of Am.*, 330 U.S. 258, 294-95 (1947). Put another way, civil contempt "stands or falls with the validity or invalidity of the [underlying] order…." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1119 (5th Cir. 1976).

It is therefore entirely proper and appropriate for Plaintiff to assert as a defense to civil contempt that the underlying November 23 Order is invalid and unconstitutional. Here, the November 23 Order is blatantly a violation of Plaintiff's right to due process and an infringement

on his exercise of free speech under the First Amendment.  As set forth below, the Court should not – and cannot – find Plaintiff in civil contempt.

      A.  The Court Denied Plaintiff Due Process by Making Factual Findings Without Affording Him a Meaningful Opportunity to be Heard and Without an Evidentiary Record

The November 23 Order stems from Defendants filing a wholly inappropriate, improper and abusive motion for a preliminary injunction demanding that Plaintiff take down his YouTube videos and websites.  More specifically, the Middlecamp Defendants demanded that Plaintiff take down websites that not only concerned, criticized and parodied their counsel, K. Jon Breyer and Kutak Rock LLP, but also twenty-one (21) individuals and entities that Kutak Rock LLP did not represent and that have no involvement in this litigation.  [*Fredin v. Middlecamp*, Dock No. 214 ¶ 2; 215 Ex. 1-19] Defendant Kriel filed a separate motion asking for essentially the same relief demanding that Plaintiff be ordered to remove YouTube videos and websites that criticized, parodied and exposed the misconduct (*e.g.*, their fraudulent use of *pro bono* representation) of her counsel – Robins Kaplan LLP, Anne M. Lockner, Haynes Hansen and a handful of other attorneys.  [*Fredin v. Kreil*, Dock No. 17]

In bringing these motions, Defendants failed to produce any evidence that the YouTube videos and websites were <u>not</u> protected by the First Amendment.  *Id* ¶ 17; *Fredin v. Middlecamp*, ¶ 7.  In other words, Defendants did not produce any evidence to support their one and only contention as to why the YouTube videos and websites should be taken down:  that Plaintiff was attempting to obtain a "favorable settlement" with the content. *Fredin v. Kreil*, ¶ 2.  Likewise, Defendants failed to proffer any evidence that Plaintiff was

7

acting in "bad faith" in posting the YouTube videos and websites. And, most importantly, Defendants failed to offer or point to a single piece of tangible evidence that they suffered any type of harm as a result of Plaintiff posting the content that criticized and parodied them. *Id* ¶ 13, 15; *Fredin v. Middlecamp*, ¶ 6.

In exercising its so-called "inherent power to sanction" and granting Defendants' request for injunctive relief which directed Plaintiff to remove his existing content concerning Defendants' counsel, the Court fundamentally denied Plaintiff due process by failing to afford him a meaningful opportunity to be heard. More specifically, Plaintiff was entitled to "fair notice and an opportunity for a hearing on the record." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980); *see also U.S. v. Blodgett*, 412 F. Appx. 935, 940 (9th Cir. 2011). The Court conducted no such hearing prior to rendering its November 23 Order fundamentally denying Plaintiff a meaningful opportunity to be heard and infringing on his right to due process.

This infringement on Plaintiff's right to due process is exacerbated by the fact that the Court actually made factual findings in its November 23 Order in an effort to support its unconstitutional injunctive directives. There can be no dispute that there is a complete lack of an evidentiary record supporting the November 23 Order. Prior to sanctioning Plaintiff under its so-called "inherent authority," the Court: (i) held no hearing; (ii) took no testimony; (iii) did not permit Plaintiff his right to cross-examination; (iv) denied Plaintiff his right to call witnesses in his defense; and (v) refused Plaintiff his right to object to Defendants' evidence and contentions,

8

The Court nevertheless made a wholly improper and unsupported factual finding in rendering the November 23 Order granting Defendants injunctive relief. Specifically, the Court's sole justification in disregarding the First Amendment and issuing the directive that Plaintiff remove his content was the Court's finding that Plaintiff acted in "bad faith" and with an improper "intent" in posting the YouTube videos and websites:

> The Court finds the each of these websites and videos was created in **bad faith with the intent to harass** Defendants, their counsel, and the Court.

(*See* [November 23, 2020 Order, *Fredin v. Kreil*, Dock. No. 39] at 20, 21 (*see also* 13, 14 and 16) (emphasis added)). It is a fundamental tenet of the law that the question of intent is a question of fact. *See Brunquist v. Fischer*, 245 N.W.2d 161, 164 (Minn. 1955); *Pauling v. Pauling*, 159 F.2d 531, 535 (8th Cir. 1947); *Connecticut v. Johnson*, 460 U.S. 73, 101 (1983). The question of Plaintiff's intent in posting the YouTube videos and websites, which was clearly in dispute in the motion papers, consequently required an evidentiary hearing to resolve this question of fact. *See U.S. v. McDaniel*, 449 F.2d 832, 837-38 (8th Cir. 1971) (holding that an issue that is a question of fact "requires an evidentiary hearing"); *Greise v. Kamp*, 666 N.W.2d 404, 408 (Minn. App. 2003) (holding that a contradiction in affidavits "raises a question of fact requiring an evidentiary hearing); *U.S. v. Boyd*, Case No. 16-cr-320, "Memorandum Opinion and Order Denying Defendant's § 2255 Motion" (D.Minn. July 10, 2020) ("Because there was a question of fact, the Court ordered an evidentiary hearing …."). As a result, the Court denied Plaintiff due process by making a factual finding about his intent in justifying the unconstitutional injunctive directives in the November 23 Order.

Moreover, the Court's sole conclusion used to justify the unconstitutional injunctive directives in its November 23 Order that Plaintiff posted the YouTube videos to "extract favorable settlement terms from Defendants" and to obtain "favorable judicial decisions" is similarly without any support in the evidentiary record. (*See* [November 23, 2020 Order, *Fredin v. Kreil*, Dock. No. 39] at 16, 18.)  There is no evidence in the record that Plaintiff ever used the YouTube videos and websites to obtain favorable settlement terms or to influence judicial decisions.  Indeed, the only thing that the Court points to in its November 23 Order is an excerpted e-mail chain that was deliberately and intentionally misrepresented by Defendants' counsel.  Rather, the evidence taken in context clearly shows:

- Counsel for the Middlecamp Defendants demanded Plaintiff to remove the websites unprompted as a condition of continuing settlement discussions. (*See* [*Fredin v. Middlecamp* Dock. No. 255] at Ex. C; December 19, 2020 Fredin Decl. Ex. B.).  It is undisputed that Defendants' counsel found the YouTube videos and websites on their own and raised them with Plaintiff. (*See id.*)  It is further undisputed in the full context of the e-mail chain that Plaintiff never attempted to leverage the YouTube videos and websites as a means of obtaining a favorable settlement.  (*See id.*)

- It is undisputed that Plaintiff never engaged in any settlement discussions or made any settlement overtures with Defendant Kriel or her counsel;

- The fact that Plaintiff posted videos and websites about at least twenty-one (21) other individuals and entities that have no involvement in this litigation,

10

which the Middlecamp Defendants demanded removed, belies any assertion that Plaintiff was posting his content to obtain "favorable settlement terms" or "favorable judicial decisions". (*See* [*Fredin v. Middlecamp*, Dock No. 214 ¶ 2; 215 Ex. 1-19]; and

- It is undisputed that there were no motions or other matters pending before Magistrate Judge Hildy Bowbeer when Plaintiff posted his two videos criticizing her on YouTube, which belies any assertion he was attempting to obtain "favorable judicial decision" with the YouTube videos.

The Court's assertion that Plaintiff posted the YouTube videos and websites to obtain "favorable settlement terms" and "favorable judicial decisions" is based solely on attorney argument and conjecture from the Court's former colleague Anne M. Locker – not actual evidence. *See Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (Fed. Cir. 2017) ("Attorney argument is not evidence."); *The Procter & Gamble Co. v. Team Techs., Inc.*, 46 F. Supp.3d 764, 770 (S.D.Ohio 2014) ("Defendants' unfounded speculation and attorney argument is not evidence.").

In other words, the record is completely devoid on any factual or evidentiary support for the Court's conclusions disregarding the First Amendment or otherwise justifying the unconstitutional injunctive directives in the November 23 Order. The lack of any factual or evidentiary support to support the Court's conclusions and findings is a fundamental denial of due process. *See Fouglas v. Buder*, 412 U.S. 430 (1973) (holding probation revocation invalid under Due Process Clause where there was no evidentiary support for finding that probation conditions were violation); *see also Par Pharmaceutical, Inc. v.*

11

*QuVa Pharma, Inc.*, 764 F. App'x. 272, 277 fn. 4 (3ʳᵈ Cir. 2019) (holding that a finding of fact is clearly erroneous and a violation of due process where it is "completely devoid of minimum evidentiary support" or bears "no rational relationship to the supportive evidentiary data"). As a result, the November 23 Order is necessarily unconstitutional.

Because the Court violated Plaintiff's right to due process in rendering its injunctive directives, civil contempt is improper and inappropriate because the underlying November 23 Order is necessarily invalid and unconstitutional.

   B. <u>The Court Denied Plaintiff Due Process and Violated His First Amendment Rights by Issuing the November 23 Injunction without Affording Him an Adversarial Hearing as to Whether the Statements in His Videos and Websites were Protected Speech</u>

It is well-settled that a court cannot issue a prior restraint and direct the removal of speech via an injunction or otherwise without there first being an adjudication on the merits that the speech is not protected by the First Amendment. The Supreme Court has affirmed this notion repeatedly. Indeed, it has held that "[t]he special vice of a prior restraint is that communication will be suppressed, either directly or by inducing excessive caution in the speaker, before an adequate determination that it is unprotected by the First Amendment." *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Rel.*, 413 U.S. 376, 390 (1973). Put another way, "a judicial injunction that prohibits speech *prior to a determination* that the speech is unprotected [] constitutes a prior restraint." *Auburn Police Union v. Carpenter*, 8 F.3d 886, 803 (1ˢᵗ Cir. 1993) (emphasis added); *Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010) ("Every injunction issued before a final adjudication on the merits risks enjoining speech protected by the First Amendment."); *see also Sid Dillion Chevrolet*, 559 N.W.2d 740, 747 (Neb. 1997) ("Absent a prior adversarial determination that the complained of

publication is false or a misleading representation of fact, equity will not issue to enjoin a libel or slander ….”); *Advanced Training Sys., Inc. v. Caswell Equip. Co., Inc.*, 352 N.W.2d 1, 11 (Minn. 1984) (holding that trial court may only enjoin an individuals from making defamatory statements “after a full jury trial” on the merits that the speech is fact or otherwise unprotected by the First Amendment).

It cannot be disputed that there was no adjudication or determination on the merits concerning whether Plaintiff’s YouTube videos and websites were constitutionally protected free speech.  Rather, Defendants and their counsel demanded an end-run around the adversarial process of determining the constitutionality of Plaintiff’s speech by requesting that an injunction be issued through the Court’s “inherent power to sanction.” Shockingly, the Court ignored the serious due process and First Amendment concerns of Defendants’ request and obliged their demand by issuing a sweeping injunction under the guise of its “inherent power to sanction” directing Plaintiff to remove his YouTube videos and websites without a full and fair trial (or even a hearing) on the merits.

The Court’s November 23 Order consequently is unconstitutional and must be vacated immediately.  As the case law above sets forth, Plaintiff is entitled to a full trial on the merits in front of a jury on the issue of whether or not the speech contained in his existing YouTube videos and websites is protected by the First Amendment.  Anything less is a deprivation of Plaintiff’s right to due process and accordingly unconstitutional. *See Caroll v. President & Com’rs of Princess Anne*, 393 U.S. 175, 180 (1986) (holding that the lack or notice or meaningful opportunity to be heard renders a prior restraint on free speech invalid and unconstitutional).  Indeed, even the statute cited by the Court prohibiting

13

Plaintiff's future speech – Minn. Stat. § 609.748, Subd. 1(a)(1) – requires an adversarial hearing before the Court can issue a harassment restraining order. *See* Minn. Stat. § 609.748, Subd. 3 *et seq*.

If Defendants and their counsel want Plaintiff's existing YouTube videos and websites removed, their sole remedy is to initiate separate legal proceedings against Plaintiff and prove before a jury that the speech contained in the videos and websites is not protected by the First Amendment. Underscoring that point, the Supreme Court has held that "a system of prior restraint avoids constitutional infirmity only if it takes place under procedural safeguards designed to obviate the dangers of a censorship system." *Southeastern Promotions Ltd. v. Conrad*, 420 U.S. 546, 550 (1975). Accordingly, speech may only be enjoined where: "(1) the burden of instituting judicial proceedings, and of proving that the material is unprotected [] rest[s] on the censor; (2) any restraint before judicial review can be imposed [is] only for a specified brief period and only to preserve the status quo; and (3) a prompt judicial determination [on the merits is] assured." *Id*. The Court's November 23 Order issuing an injunction prohibiting Plaintiff's speech meets none of these requirements.

Because Plaintiff was deprived a meaningful opportunity to be heard before a jury (or factfinder) and was denied an adversarial adjudication on the merits, the November 23 Order directing the removal of Plaintiff's existing YouTube videos and websites is unconstitutional and must be vacated as void.

Because Plaintiff was deprived a meaningful opportunity to be heard before a jury (or factfinder) and was denied an adversarial adjudication on the merits, the November 23

14

Order directing the removal of Plaintiff's existing YouTube videos and websites is unconstitutional. Consequently, it would be improper and unlawful for this Court to hold Plaintiff in civil contempt.

C. Plaintiff's Statements in his Websites and Videos are Protected by the First Amendment

Plaintiff incorporates by reference his Memorandum of Law in Support of His Motion to Vacate the Court's November 23, 2020 Order, which is attached to the Fredin declaration submitted herewith as Exhibit A. *See* also [*Fredin v. Middlecamp*, Dock. No. 269.]; [*Fredin v. Kreil*, Dock. No. 70.]; [*Fredin v. Miller*, Dock. No. 238.]. For the sake of brevity, Plaintiff respectfully directs the Court to that Memorandum of Law for his contentions and arguments that his statements in the at-issue YouTube videos and websites are protected speech under the First Amendment.

D. The November 23, 2020 Order is Unconstitutional Prior Restraint

Plaintiff incorporates by reference his Memorandum of Law in Support of His Motion to Vacate the Court's November 23, 2020 Order, which is attached to the Fredin declaration submitted herewith as Exhibit A. *See* also [*Fredin v. Middlecamp*, Dock. No. 269.]; [*Fredin v. Kreil*, Dock. No. 70.]; [*Fredin v. Miller*, Dock. No. 238.]. For the sake of brevity, Plaintiff respectfully directs the Court to that Memorandum of Law for his contentions and arguments that November 23 Order is an unconstitutional prior restraint on Free Speech.

II.    **Criminal Contempt is a Drastic Remedy**

The Middlecamp Defendants request that Plaintiff be held in criminal contempt in addition to civil contempt. As shown above, civil contempt is plainly improper. As such,

15

criminal contempt is even more inappropriate in this case and would be an unabashed abuse of the Court's discretion and power. Indeed, criminal contempt is a "drastic" remedy that "prejudice[s]" litigants and is typically "constitutionally problematic." *U.S. v. Koubriti*, 305 F. Supp. 2d 723, 4 (E.D. Mich. 2003)

### A. Criminal Contempt is a Drastic Remedy that is Inappropriate in this Case

The use of criminal contempt is simply inappropriate and would amount to a brazen abuse of the Court's discretion and power in this matter. Plaintiff is merely standing his ground with respect to his First Amendment rights. Defendants have alleged no harm. It would be unfathomable and unconscionable for the Court to initiate criminal contempt proceedings against Plaintiff for simply standing by his right to free speech under the First Amendment. This is particularly so where Plaintiff has made an overwhelming and conclusive showing that the underlying November 23 Order is unconstitutional.

### B. The Court Must Employ the "Least Possible Power Rule"

In determining whether and how to exercise its contempt power, the Court must adhere to and exercise the "least possible power" rule. Indeed, a court's exercise of the criminal contempt power "must be restrained by the principle that only the least possible power adequate to the end proposed should be used in contempt cases.'" *N.L.R.B. v. A-Plus Roofing, Inc.*, 39 F.3d 1410, 1418 (9th Cir. 1994) (citing *Young v. United States ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 801, 107 S.Ct. 2124, 2134, 95 L.Ed.2d 740 (1987)) (internal quotes omitted). In other words, a court imposing a contempt sanction "must exercise the least possible power adequate to the end proposed." *Taylor v. Finch*, 423 F.2d 1277 (8th Cir. 1970).

Here, both sets of Defendants have asked to stiff civil contempt penalties. Specifically, both sets of Defendants have asked that Plaintiff be fined a substantial $500 a day while the YouTube videos and websites remain publicly accessible. While it would clearly be improper and

unconstitutional, such a sanction would clearly compel Plaintiff to remove the YouTube videos and websites at-issue. Accordingly, the Court should use its civil contempt powers before instantiating any criminal contempt proceedings against Plaintiff. *See Taberer v. Armstrong World Industries, Inc.*, 954 F.2d 888, 897 (3d Cir. 1992) (The "use of civil contempt, as opposed to the more drastic criminal contempt, is usually to be preferred."); *Shillitani v. United States*, 384 U.S. 364, 371 n. 9 (1966) (holding civil contempt measures "must be used before the more drastic sanctions of criminal contempt" are employed).

C. <u>Plaintiff is Entitled to Charges, an Attorney, a Jury Trial and a New Judge</u>

To the extent that the Court wishes the instantiate criminal contempt proceedings, Plaintiff requests the full cornucopia of due process protections. Specifically, Plaintiff requests notice of formal charges, appointment of a prosecutor and a trial before a jury. *See* Fed. R. Cr. P. 42. Plaintiff also request that an attorney be appointed to represent him. *Gideon v. Wainwright*, 372 U.S. 335 (1963).

Additionally, Plaintiff is entitled to a new judge. *See* Fed. R. Cr. P. 42(3). As made explicit by the Court's November 23 Order and its December 4 Order, Judge Nelson has clearly taken Plaintiff's YouTube videos as a form of "disrespect toward or criticism of" her. In the Court's November 23 Order, Judge Nelson issued a prior restraint prohibiting Plaintiff from posting any content that criticized her or her staff, despite Plaintiff never previously doing so. And, more importantly, Judge Nelson cited Plaintiff's December 1, 2020 YouTube video – which criticized her racist actions as a prior partner at Robins Kaplan LLP as well as her actions on the bench, including her handling of the Floyd Family federal case – in her December 4 Order calling it "disparaging" and using it as a basis for

17

denying Plaintiff's request for reconsideration of the November 23 Order. (*See* [*Fredin v. Middlecamp*, Dock No. 271]; [*Fredin v. Kreil*, Dock No. 71] at 7 ("Fredin's defiance of the [November 23] Sanctions Order – and retaliation by posting more disparaging websites and videos in the face of this pending motion …."). As a result, Judge Nelson must recuse herself from any criminal contempt proceedings instantiated against Plaintiff. *See In re Murchison*, 349 U.S. 133, 136 (1955) (holding no judge "can be a judge in h[er] own case [or be] permitted to try cases where [s]he has an interest in the outcome").

## **CONCLUSION**

For the reasons above, Plaintiff respectfully requests this Court deny Defendants show cause request as described above.

Dated: December 18, 2020
Saint Croix County, WI

s/ Brock Fredin
Brock Fredin
Saint Croix County, WI 54002
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

18

## **<u>CERTIFICATE OF COMPLIANCE</u>**

This document complies with the word limit of Local Rule 7.1(f) because document contains 4009 words.  I certify that this brief complies with the typeface requirements of the Court and Local Rule 72.2(c) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 16.43 in 13-point Times New Roman font for text and footnotes.

Dated: December 18, 2020

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

19

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2020, I electronically filed the foregoing with the Clerk of the District of Minnesota by using the CM/ECF system. The following participants in the case who are registered CM/ECF users will be served by the CM/ECF system:

K. Jon Breyer
Kutak Rock
60 S. 6th Street
Minneapolis, MN  55402
Jon.breyer@kutakrock.com
*Attorney for Defendants Middlecamp, Miller, and Schaefer*

Anne M. Lockner
Robins Kaplan, LLP
8000 Lasalle Ave
Minneapolis, MN  55402
Anne.lockner@robinskaplan.com
*Attorney for Defendant Kreil*

Dated: December 18, 2020

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

20